UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES

Plaintiff

              V.

Civil Action No.

DOLAN CONNLY P.C
JAMES W. DOLAN
BARBARA D. CONNLY
KATHLEEN M. ALLEN
DAVID A. MARSOCCI
CINDY SILVA
BANK OF NEW YORK MELLON
GREGORY A. CONNLY
ORLANS P.C
LINDA ORLANS
ALISON ORLANS
JANE DOE, and JOHN DOE,
SELECT PORTFOLIO SERVICING INC.

Defendants

*FILED IN CLERKS OFFICE*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*
*2019 MAY -9  PM 12: 50*

## **VERIFIED COMPLAINT**

### **Parties**

1. The Plaintiff is a consumer and resident of Stoughton, County of Norfolk, Massachusetts and a citizen of the United States.

2. Defendant Dolan Connly P.C (hereafter Dolan) is Law Firm that regularly collect defaulted debts due to another and has a usual place of business at 50 Redfield Street, Boston, Ma.

3. Defendant James W. Dolan (James) is a partner at Dolan Connly P.C and an attorney that regularly collect defaulted debts owed to another and a resident of Massachusetts.

4. Defendant Gregory A. Connly is a partner at Dolan Connly P.C and an attorney that regularly collect defaulted debts owed to another and a resident of Massachusetts.

5. Defendant Barbara D. Connly (Barbara) is an attorney at Dolan Connly P.C that regularly collect defaulted debts owed to another and a resident of Massachusetts.

6. Defendant Kathleen M. Allen (Kathleen)is an attorney at Dolan Connly P.C that regularly collect defaulted debts owed to another and a resident of Massachusetts concentrates her practice in the areas of real estate law, including landlord-tenant law, condominium development and debt collections for creditors.

7. Defendant David A. Marsocci (David) is an attorney at the Law Office of Dolan Connly P.C that regularly collect defaulted debts owed to another and a resident of Massachusetts, he concentrates his practice in the areas of real estate law and debt collections for creditors.

8. Defendant Cindy Silva is an employee of Dolan Connolly P.C a debt collector that regularly collects defaulted debts owed to another and is the property manager for Bank of New York as Trustee for CWABS, Inc and is a resident of Massachusetts.

9. Defendant Bank of New York Mellon aka Bank of New York Mellon, as Trustee for CWABS, Inc, Asset Backed Certificates, Series 2004-7 (BNY)is a Delaware Corporation and has a usual place of business at 101 Barclays Street New York, NY 10286.

10. Defendant Orlans P.C is organized as a professional corporation under Michigan law, with its principle place of business in Troy, Michigan. On March 6, 2017, the firm changed its name from "Orlans Associates, P.C.," to "Orlans PC." On March 10, 2017, Orlans PC filed an assumed name certificate for "Orlans Associates PC."

11. Defendant Linda Orlans is an attorney licensed to practice law in Michigan, and, on information and belief, a resident of Birmingham, Oakland County, Michigan.

12. Defendant Alison Orlans is President, Chief Executive Officer, and Secretary of Orlans PC. On information and belief, Alison Orlans is a resident of Birmingham, Oakland County, Michigan. On information and belief, Alison Orlans is a law school graduate but not licensed to practice law in Michigan.

13. Defendant "Jane Doe" and "John Doe" are placeholders for an indeterminate number of partners or shareholders of defendants that may bear individual culpability for the claims stated in this Complaint and who may be separately liable therefore.

14. Defendant Select Portfolio Servicing, Inc. ('SPS") is a residential loan servicing company with headquarters located at 3217 S. Decker Lake Drive, Salt Lake City, Utah 84119. As of March 31, 2016, SPS serviced more than 400,000 loans nationwide. SPS enters into service agreements with lenders and note holders pursuant to which SPS provides servicing and agency activities for loan portfolios.

## JURISDICTION

15. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

16. Venue is proper in this Court pursuant to **28 U.S.C. 1391(b)** in as much as the challenged actions are alleged to have been committed in this District, all Defendants regularly conduct business in this District, and the named Plaintiff reside in this District.

17. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists of the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## INTRODUCTION

18. This action seeks relief for unlawful, unfair and deceptive debt collection practices committed defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison Orlans, Jane Doe & John Doe. The Defendants are engaged in a high-volume debt collection practice that includes foreclosing on property evictions, send mortgage statements and demanding money from plaintiff, foreclosing and seeking deficiency judgments when there is no mortgage or note in existence.

## FACTS

19. All conditions precedent to the bringing of this action has been performed.

20.  The defendant's BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David , Cindy Silva ,Orlans, Linda Orlans, Alison Orlans refusal to make a reasonable settlement offer forced the plaintiff to incur substantial additional fees and to suffer harm including loss of **consortium and** personal injuries to the deprivation of the benefits of a family relationship due to injuries caused by all defendants, Plaintiff suffered an injury's as a result of the all the above Defendant's actions while trying to collect *an alleged but nonexistent defaulted debt*.

21.  All the above defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison Orlans used "false, deceptive, misleading, unfair, and unconscionable practices in connection with their attempt to collect *an alleged but nonexistent defaulted debt* from Plaintiff.

22.  This case falls within a category of debt collection cases, all defendants conspired to violate Federal & State consumer statue laws and did so by not following Massachusetts Consumer law when foreclosing.

23.  Plaintiff attempted to rectify the situation with the all defendants starting as early as July 28, 2015.

24.  All the Defendant's BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David , Cindy Silva ,Orlans, Linda Orlans, Alison Orlans actions caused personal injury to the plaintiff, *all* the Defendants either intended to cause the Plaintiff personal injury or that all the defendants were substantially certain their acts would cause plaintiff personal injury, all Defendants had no just cause or excuse for the action which outside the penumbra of established concepts of fairness and was unethical and or unscrupulous resulting in personal injury to the plaintiff.

25.  All defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David , Cindy Silva ,Orlans, Linda Orlans, Alison Orlans knew or should have known that their wrongful acts were done with intent to injure plaintiff and did so, and their wrongful acts would almost certainly produce harm (personal injurie) to the plaintiff, and their wrongful acts had a high probability of causing plaintiff harm (personal injurie.

26.  All Defendant's BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison Orlans actions were wrong deliberate and done without regard to its consequences and "without just (*unjustified*) cause or excuse" and therefore were malicious within the meaning of §

523(a)(6) / MGL 93a. Defendant's actions were also willful and caused plaintiff significant harm (personal injurie).

27. All Defendant's BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David , Cindy Silva ,Orlans, Linda Orlans, Alison Orlans refusal to grant plaintiff relief upon demand was made in bad faith, defendants knew or should have known with knowledge or reason to know that the act or practice complained of violated said section two of MGL93a, defendants SPS, Dolan, James, Barbara , Kathleen, David ,Orlans, Linda Orlans, Alison Orlans and  BNY are attorneys, Law Firms or corporations that employee 5-100 attorneys that are responsible for overseeing all correspondence sent to the plaintiff, these attorneys should have informed them that their actions were contrary to Federal & State consumer debt collection laws.

28. All the defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David , Cindy Silva ,Orlans, Linda Orlans, Alison Orlans used or employed active and relentless campaign against plaintiff of the method of competition or the act or practice was a willful or knowing violation of the law after they received plaintiff correspondence stating he did not owe the debt, all the defendants intended to cause plaintiff injury or there was a substantial certainty the injury would result from the defendant's acts.

29. All the defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison Orlans have acted in knowing disregard of the rights of the plaintiff, all the defendants should have foreseen that injury could occur to the plaintiff.

30. Defendants BNY acted as absentee owners who recklessly failed to supervise their out of control agents (All Defendants) including SPS, Dolan, James, Barbara, Kathleen, David, Orlans, Linda Orlans, Alison Orlans.

31. Defendants BNY, SPS, Orlans, Linda Orlans, Alison Orlans threated to foreclose on a consumer's home and did so.

32. Defendants BNY, SPS, Orlans, Linda Orlans, Alison Orlans Foreclosed or caused to be foreclosed on or about April 10, 2018, without having legal entitlement to do so, as the defendant BNY had already accelerated the mortgage in 2005 (and again on or about 2017) thus cause all amounts to become due, BNY also foreclosed on the property on or about February 2008 (over 11 years) causing there to be no

present right to possession of the property claimed as collateral through an enforceable security interest as of 2008 after the 1st foreclose, the property was and is exempt by law from foreclosure, after BNK repurchased the home at the 2008 foreclosure sale, defendants had no legal enforceable *security interest since 2008 after BNY foreclosed therefore defendants had no legal entitlement to send plaintiff any monthly statements with fees, or file any paperwork in and court or the Norfolk County Registry of deeds regarding a foreclosure of 572 Park Street, Stoughton, Ma 02072 or to conduct another foreclose in 2018.*

## SUPREME COURT UNANIMOUS DECISION IN
## OBDUSKEY V. McCARTHY & HOLTHUS L.L.P

33. On March 20, 2019, the Supreme Court's unanimous decision in Obduskey v. McCarthy & Holthus L.L.P. examined liability for violations of the Fair Debt Collection Practices Act (FDCPA) that are committed in non-judicial foreclosures. Although the Court did not discuss exactly what type of conduct by an entity whose principal purpose is enforcement of security interests would violate § 1692f(6), it stated as an example that it is "*at least plausible that 'threatening' to foreclose on a consumer's home without having legal entitlement to do so is the kind of 'nonjudicial action' without 'present right to possession' prohibited by that section*." This is exactly what defendants did.

34. This is the kind of 'nonjudicial action' without 'present right to possession' prohibited by the FDCPA that the Supreme Judicial Court pointed to in their order.". *Section 1692f(6) states the following conduct violates the FDCPA:*

*(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—*

*(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;*

*(B) there is no present intention to take possession of the property; or*

*(C) the property is exempt by law from such dispossession or disablement.*

35. Obduskey holds that entities whose principal purpose is enforcing security interests *are subject only to § 1692f(6) (not other FDCPA provisions)* when they conduct non-judicial foreclosures in a manner required by state law. Defendants BNY, SPS, Orlans, Linda Orlans, Alison Orlans are liable for claims arising from foreclosures under the entire FDCPA post-Obduskey, because as the Supreme court has stated: *1. Entities enforcing a security interest when the entity's principal purpose is not the enforcement of security interests; 2. Entities enforcing a security interest in a manner not by state law (Massachusetts); and Entities engaged in judicial foreclosure*.

36. Defendants BNY, SPS, Orlans, Linda Orlans, Alison Orlans principal purpose is not the enforcement of security interest it is collecting defaulted debts, there was no legal security interest on plaintiff said property because the mortgage & note (security interest) was already accelerated in 2005 and foreclosed in 2008, no security interest of plaintiff was enforceable after foreclosure in 2008, defendants so called foreclose in 2018 is null & void on its face.

## PREVIOUS ACCELERATION OF MORTGAGE & FORECLOSURE

37. On June 22, 2004, Plaintiff executed a negotiable promissory note and a security interest in the form of a mortgage approximately $274,550.00 the mortgage document was filed as document number Book 22224, Page 219 in the Norfolk Registry of Deeds (*See Exhibit 1*).

38. **On August 5, 2005 Plaintiff received a notice of acceleration from Countrywide Mortgage (Servicer) thus accelerating the mortgage and the total amount became due (*See Exhibit 2*).**

39. On December 6, 2006 BNY was issued an Order of Notice to foreclose from Massachusetts Land Court's, a true and correct copy of the Massachusetts Land Court's Order is attached hereto as *Exhibit 3*.

40. Bank of New York, Trustee, by way of Ablitt law firm, served upon the plaintiff its January 12,2007 Notice of Intention to Foreclose Mortgage and of Deficiency After Foreclosure of Mortgage, the January 12, 2007 Notice of Mortgage Foreclosure Sale, and the advertised January 12, 2007 Notice of Mortgagee's Sale of Real Estate (collectively, *Exhibit 4*).

41. On or about January 22, 2007 BNY by way of Ablitt Law firm Plaintiff home 572 Park Street Stoughton, Ma 02072 was foreclosed at an auction by BNY and was repurchased by BNY for approximately $320,000.

42. On approximately February 27, 2008 BNY by way of Ablitt Law firm, served upon the plaintiff a Certificate of Entry, a true and correct copy of the February 25, 2008 Certificate of Entry is attached hereto as Exhibit 5.

43. On approximately February 27, 2008 BNY by way of Ablitt Law firm, served upon the plaintiff a Foreclosure Deed, a true and correct copy is attached hereto as Exhibit 6.

44. Plaintiff put defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David , Cindy Silva ,Orlans, Linda Orlans, Alison Orlans of notice that their actions were contrary to the FDCPA, MGL 93a and other Federal & State statues by sending multiples notices , demand letter and exhibits to clearly point out that there was no debt due from plaintiff, because an acceleration and foreclosure had already taken place in 2005 & approximately (Foreclosure 2008).

45. Defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David , Cindy Silva ,Orlans, Linda Orlans, Alison Orlans ignored all plaintiff's correspondence, plaintiff even informed all defendants that if they ignored plaintiffs notices to educate them on the facts, their action would be wrong deliberate, done without regard to its consequences , malicious, without just (unjustified) cause or excuse and therefore will be deemed to cause Plaintiff Paul Jones personal injurie.

46.  BNY actions should be imputed to all the defendants under vicarious liability based upon their vicarious liability flowing from the actions of BNY.

FACTS REGARDING DEFENDANT

SELECT PORTFOLIO SERVICING INC (SPS)

47. Plaintiff Paul Jones claims in this lawsuit that all defendants' actions were contrary to the FDCPA, MGL 93 a and other State & Federal Laws mentioned in this lawsuit while attempting to collect an alleged but nonexistent debt from plaintiff which he did not owe.

48. The defendant Select Portfolio Servicing asserted that the company is a "special servicer" of residential mortgage loans, which collects on defaulted or delinquent mortgages.

49. To collect on plaintiff's debt, the defendant Select Portfolio Servicing must follow federal and state laws, especially the federal Fair Debt Collection Practices Act (FDCPA).

50. Despite the 2005 Acceleration and Foreclosure on or about February 2008 on Plaintiffs property located at 572 Park Street, Stoughton, Ma 02072, the plaintiff received a notice that the Bank of America mortgage was transferred to Select Portfolio Servicing for collection on or about July 16, 2015. Weeks later, plaintiff received a "notice of debt" from Select Portfolio Servicing on or about July 24, 2015, stating that late charges would accrue and "vary from day to day."

51. On approximately July 13, 2015 plaintiff received a notice from Defendant SPS that stated, "We are pleased to inform you that the servicing of your 1st mortgage loan will be transferred from Bank of America N.A to Select Portfolio Servicing, Inc. (SPS) effective July 16, 2019" This notice had a payment coupon attached to it See Exhibit 7.

52. Defendant SPS acquired the servicing of plaintiff's mortgage loan from Bank of America, N.A effective July 16, 2015.

53. Defendant SPS sent plaintiff approximately 33 Unfair & Deceptive mortgage statements the first being on July 29, 2015 approximately April 12, 2018which defendant SPS demanded from plaintiff $339,499.00, this monthly statement stated plaintiff owed "Principal $477.28, Interest of 1452.30, Escrow (Taxes & Insurance) of $864.11, Regular Monthly payment of $2,793.00, Unpaid late charges $876.81, Other charges and fees of $15.084.00 and Charges / Fees this period $876.81,Past Due payments of $320,745.35 Total amount Due $339,499.98 as of here after Fees" approximately April 18, 2018 defendant mortgage statement stated plaintiff owed approximately $634,000.01 (See Exhibit 7).

54. Defendant SPS mortgage statements were confusing, unfair, deceptive, false, baffling, willful and caused significant harm and personal injurie to plaintiff.

55. These mortgage statements were contrary to the Federal Debt Collection Practices Act, The Massachusetts Unfair & deceptive Trade Practices Act MGL 93a, The Massachusetts Debt Collection Regulations Act and other Federal & State law, because plaintiff had informed defendants BNY, SPS, Orlans, Linda Orlans, Alison Orlans and other defendants that plaintiff did not have a mortgage with BNY and or Bank of America N.A. since 2008, Defendant's actions were willful, malicious wrong, without just, cause or excuse" and therefore "malicious" within the meaning of § 523(a)(6), the defendant SPS, Dolan, James, Barbara , Kathleen, David ,Orlans, Linda Orlans, Alison Orlans, BNY intended to cause the injury or there was a substantial certainty the injury would result from the defendants act."

56. Defendant SPS has no offices in the state of Massachusetts therefore plaintiff needed not to send a MGL 93 demand letter but plaintiff did so.

57. Plaintiffs loan had been accelerated and foreclosed upon prior to SPS becoming the servicer, no Mortgage Statements should have been sent to plaintiff to demand money that included Principal, Interest, Escrow (Taxes & Insurance), Regular Monthly payment, Unpaid late charges, Other charges and fees and Charges / Fees late fees, mortgage statements could lawfully be imposed or collected by SPS, operating as BNY agent, unless specifically authorized by the mortgage agreement. Plaintiffs standard form mortgage agreements do not permit the charging and collection of any of the above fees post-acceleration-foreclosure, this is and was contrary to Federal & state Laws.

58. Despite acceleration of the Plaintiffs loan and foreclosure, Defendant BNY, SPS, Orlans, Linda Orlans, Alison operating as BNY agent, falsely represented that the above fees could and would be charged to Plaintiffs loan and SPS would foreclose if Plaintiff failed to make payments in full by a date certain.

59. Defendants BNY, SPS, Orlans PC Orlans PC, Linda Orlans, Alison Orlans, Jane Doe, and John Doe did foreclose a second time thus causing plaintiff personal injuries, pain & suffering thus putting plaintiff at risk of destroying his credit with a second foreclosure.

60. On approximately December 17, 2017, Defendant SPS mailed a standard form mortgage statement to Plaintiff which stated that, "This account has been accelerated, which means that all outstanding amounts are due." The SPS December 17, 2017 mortgage statement further stated, "If payment is received after January 15, 2018, fees will be assets late fee will be charged." That mortgage statement indicated that there were "unpaid late charges and other charges and fees.

61. There is thus no provision in Plaintiff mortgage agreement which permits SPS to charge or collect a late fees post-acceleration and post foreclosure, whether for itself or on behalf of BNY or any other lender or note-holder. Nevertheless, SPS, operating as BNY agent, continued to assess Plaintiff bogus fees, these acts by defendant SPS on behalf of BNY is contrary to Federal & State laws.

62. On several occasions' defendant SPS ordered an Inspection of the property located at 572 Park Street and charged it to the plaintiff, plaintiffs video surveillance of the property capture individuals remove car covers from his car and taking the license writing license plates down on paper.

63. On several occasions' plaintiff came home from work to find that someone had entered the house and left the front door unlocked, thus leaving plaintiffs property at risk of being stolen, this caused plaintiff anxiety, emotional distress fear.

64. Upon information and belief, SPS utilizes a software-based servicing system which automatically orders property inspections, and charges the borrower's account for the inspections, if a borrower is in default. The only criteria for the inspection to be ordered and charged is that the loan has been in default for a certain number of days. The inspection is ordered and charged regardless of whether there is a lawful and reasonable basis for ordering the inspection or whether the borrower may be legally charged for the inspection.

65. SPS and its automated servicing system, intentionally ignores whether Plaintiff, are living in their homes at the time of the inspections, have provided proof of occupancy, or otherwise have been in contact with SPS by telephone or written correspondence.

66. All Defendants including Defendants BNY, SPS, Orlans PC Orlans PC, Linda Orlans, Alison Orlans, Jane Doe, and John Doe, Dolan James never acted on behalf of a principal that had the right to enforce the

obligation of the note & mortgage, therefore the April 9, 2018 foreclosure is NULL & VOID. When a servicer (SPS) seeks to foreclose as the agent for the owner or holder of the loan, the servicer must meet two basic tests. First, the servicer must act on behalf of a principal that has the right to enforce the obligation. Second, the principal must have delegated authority to the servicer to perform the particular activity in question, BNY or SPS had the authority to conduct a second foreclosure there was no legal entitlement or active security interest note and or mortgage.

67. Defendant Dolan, Orlans acted as agent for BNY and SPS, therefore when Orlans and Dolan took any court actions against plaintiff as late as September 2018 and May of 2019 this triggered actions that were contrary to the FDCPA one-year statue.

68. Plaintiff is within statute of limitations for Chapter 93A claims is four (4) years from the date of the alleged injury or deceptive act which gave rise to the lawsuit.

69. On approximately April 18, 2018 defendant SPS as BNY agent hired defendant ORLANS P.C as SPS agent foreclosed on 572 Park Street Stoughton, Ma 02072 or a 2nd time and sent plaintiff a bill for over $600,000, post acceleration of 2005 and post foreclosure of 2007 all which were and is contrary to federal & state Laws.

## FACTS REGARDING DEFENDANT ORLANS PC

70. In 1998, Linda Orlans founded in Troy, Michigan, the firm that was to be known for many years as Orlans Associates PC, one of the largest foreclosure firms in Michigan.

71. In approximately 2007, Linda Orlans formed Orlans Moran PLLC as a Michigan professional limited liability corporation, with operations based in greater Boston, to provide substantially similar mortgage default (foreclosure) services in Massachusetts and surrounding states. In early 2017, Linda Orlans and her daughter, Alison formed Orlans PC in a transaction whereby Orlans Moran PLLC was merged into Orlans Associates PC, whose name was changed to Orlans PC.

72. This case falls within a category of wrongful foreclosure, debt collection case. A form letters and notices from Orlans PC that are the subject of this Complaint are misleading in violation of both federal and state law because they suggest to consumers that they were from an attorney, when in fact they were not.

Instead, these letters were generated and sent by non-attorney personnel with minimal or no substantive attorney review or involvement.

73. All Defendant including BNY, SPS, Orlans, Linda Orlans, Alison Orlans P.C knew or should have know that a previous acceleration in 2005 and a previous foreclosure had accrued on 572 Park Street Stoughton, Ma, and by Orlans P.C sending plaintiff Notices would be contrary to Federal & State debt Collection laws and would trigger violations of Massachusetts Consumer Statues.

74. On information and belief, Orlans PC is, and has for many years has been, the second largest foreclosure firm in Michigan based on number of foreclosures processed.

75. Defendants Orlans, Linda Orlans, Alison clients are, and Orlans Moran's clients were, mostly banks, other investors and lenders, and mortgage servicers who require "default services," i.e., the foreclosure of mortgages on real property in the event of an alleged default.

76. Orlans PC BNY, SPS, Orlans, Linda Orlans, Alison is engaged in the business of foreclosing on homes, and a large portion of its business derives from its foreclosure practice.

77. At all relevant times Orlans PC, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

78. According to its website, www.orlanspc.com, the firm "is the preferred legal services provider of over 200 real estate and financial services companies." On information and belief, Orlans PC operates in some 14 states conducting Judicial and non-Judicial foreclosures and are debt collectors that regularly collect debts due to another.

79. Orlans PC's clients are, and Orlans Moran's clients were, mostly banks, other investors and lenders, and mortgage servicers who require "default services," i.e., the foreclosure of mortgages on real property in the event of an alleged default.

80. Orlans PC is engaged in the business of foreclosing on homes, and a large portion of its business derives from its foreclosure debt collection practice.

81. At all relevant times Orlans PC, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

82. According to its website, www.orlanspc.com, the firm "is the preferred legal services provider of over 200 real estate and financial services companies." On information and belief, Orlans PC operates in some 14 states.

83. Orlans PC prides itself on its "lean" operations. According to its website, it "is an overwhelmingly different approach to legal services: refined processes and a powerful investment in IT produces precision, quality, and results." In a recent interview, Linda Orlans touted her firm for "creating a more capable, more responsive and more efficient entity to serve a growing client base." According to the firm's website, "[s]implicity isn't just a word for us. It is a mantra that is intertwined deep within our culture as we strive to simplify both our clients' lives and each other's."

84. The firm says that its "pioneering legal simplicity and striving to make the law more accessible and affordable" for national banks, credit unions, consumer loan finance companies, loan servicers, investors, and other clients.

85. In its job descriptions for posted attorney openings the firm describes its practice as "high volume" and "fast paced.".

86. As of May 16, 2018, Orlans PC employed 12 attorneys licensed to practice law in Michigan, including Linda Orlans, unlike most law firms, Orlans PC's website does not list its attorneys.

87. According to its listing on monster.com, a popular online job search and application service, Orlans PC has between 500 and 999 employees across its operations, assuming Orlans PC has 30 licensed attorneys (including the 12 licensed in Michigan, its headquarters), and only 500 employees (the very bottom of the range in its monster.com listing), the attorney-to-staff ratio would be less than one in 16. If Orlans PC has 500 employees, of which 30 are attorneys, then some 6% of its employees are attorneys.

88. On information and belief, other law firms in Michigan have substantially fewer staff in relation to attorneys than Orlans PC.

89. In 2012, The Managing Partner Forum, working with ALM Legal Intelligence and The National Law Journal, conducted a comprehensive survey of mid-size US law firms. (ALM Survey.) Some 196 firms, with nearly 10,000 lawyers, participated.

90. The ALM Survey found that in 2012 law firms averaged 83 support staff per 100 lawyers (ratio of 0.83 staff to one lawyer). If Orlans PC has a total of 30 lawyers and had an average ratio of support staff to lawyers, it would have approximately 25 support staff for a total of 55 employees (rather than 500 or more). 38. Alternatively, if Orlans PC has 500 employees and had an average ratio of support staff to attorneys among mid-sized American law firms, it would employ approximately 273 attorneys rather than less than 50.

91. The vast majority of non-commercial residential property foreclosures conducted by Orlans PC in Michigan and in other states have been pursuant to Judicial & non-judicial foreclosure statutes.

92. In Massachusetts, the vast majority of Orlans PC's foreclosures have been pursuant to Massachusetts foreclosure by advertisement statute.

93. In plaintiff's foreclosure by advertisement proceeding in Massachusetts handled by defendant Orlans PC, Orlans PC has sent letters to the Plaintiff in substantial conformity with Exhibits 8,9and to this Complaint, in that each such letter:

   a. Was on Orlans P.C firm letterhead;

   b. Displayed Orlans P.C;

   c. Identified Orlans PC's client as the creditor or servicing agent;

   d. Indicated that Orlans PC was a law firm retained to foreclose the debtor's mortgage;

   e. Did not disclaim that it was from an attorney;

   f. Was (with rare exception) unsigned by an individual Orlans PC lawyer; and

   g. Contained the typographic text "By its attorneys Orlans Associates, P.C." or "Very truly yours Orlans P.C "or "Orlans PC" at the end of the letter in the signature block.

94. These letters were and are contrary to the Federal Debt Collection Practices Act (FDCPA), Massachusetts Debt Collection Regulation Act, Massachusetts Unfair & Deceptive Trade Practices Act 93a. and other Federal & State Laws.

95. Defendants BNY, SPS, Orlans PC Orlans PC, Linda Orlans, Alison Orlans, Jane Doe, and John Doe knew or should have know that these letters to plaintiff and plaintiffs' spouse were contrary to the

Federal Debt Collection Practices Act (FDCPA), Massachusetts Debt Collection Regulation Act, Massachusetts Unfair & Deceptive Trade Practices Act 93a. and other Federal & State Laws, see Exhibit 9.

96. Orlans PC operates from offices in Troy, Michigan, Waltham, Massachusetts, Rockville, Maryland, Leesburg, Virginia, and Williamsburg and Georgetown, Delaware Judicial & non-Judicial states. It provides Judicial & Non-Judicial foreclosure services for properties located in some 14 jurisdictions, including, Michigan, Massachusetts, Maryland, and Virginia.

## The Orlans PC Foreclosure Letter

97. On or about January 1, 2018, BNY, Orlans PC, Linda Orlans, Alison Orlans, Jane Doe, and John Doe caused to be sent to plaintiff and plaintiff family (24 Deckard Street Dorchester, Ma) by U.S. Mail a letter informing him that Orlans PC had been retained by BNY to foreclose on his home that he occupied at 572 Park Street Stoughton, Ma 02072. A true and correct copy of the letters is attached as Exhibit 10 hereto, Orlans P.C knew or should have known that these letters to plaintiff and plaintiffs' spouse, were contrary to the federal Debt Collection Practices Act (FDCPA), Massachusetts Debt Collection Regulation Act, Massachusetts Unfair & Deceptive Trade Practices Act 93a. and other Federal & State consumer Laws.

98. On or about March 1, 2018 Defendants BNY, SPS, Orlans PC Orlans PC, Linda Orlans, Alison Orlans, Jane Doe, and John Doe sent or caused to be sent plaintiff and people other than the plaintiff a "Notice of Intention to Foreclose and of Deficiency After Foreclosure.

99. The letter was sent after post acceleration and foreclosure in 2005 & 2007.  Orlans P.C knew or should have known that these letters to plaintiff and plaintiffs' spouse were contrary to the Federal Debt Collection Practices Act (FDCPA), Massachusetts Debt Collection Regulation Act, Massachusetts Unfair & Deceptive Trade Practices Act 93a. and other Federal & State consumer Laws, See Exhibit 9.

100.   On or about April 10, 2018 Plaintiff sent Defendant Orlans P.C a MGL 93a Demand Letter, Preservation Notice, FDCPA Validation request and a Notice of Intent, See Exhibit 10.

101.   On or about April 20, 2018 Orlans PC Orlans PC, Linda Orlans, Alison Orlans, Jane Doe, and John Doe send plaintiff and people other than the plaintiff a "Notice acknowledgement of receipt of correspondence from Plaintiff (MGL 93a, preservation letter, FDCPA request & Notice of Intent) See Exhibit 10.

102.   On or about August 31, 2018 BNY, Orlans PC Orlans PC, Linda Orlans, Alison Orlans, Jane Doe, and John Doe sent or caused to be sent plaintiff an unsigned "notice of Service Members Civil Relief Act (50 USC App. 501-596)(SCRA) (See Exhibit 11)to plaintiffs home, Job and mothers home,  Orlans P.C knew from corresponding with plaintiff that plaintiff receives all his correspondence at his residence the subject property.

103.   Defendants BNY, SPS, Orlans PC Orlans PC, Linda Orlans, Alison Orlans, Jane Doe, and John Doe knew or should have known that their actions were contrary to the Federal Debt Collection Practices Act (FDCPA), Massachusetts Debt Collection Regulation Act, Massachusetts Unfair & Deceptive Trade Practices Act 93a. and other Federal & State consumer Laws, See Exhibit 11.

104.   On September 19, 2018 Defendant BNY, SPS, Orlans P.C mailed or caused to be mailed a notice that stated plaintiffs' total debt was $630,935.82, these notices went to three address 1. Plaintiffs home 572 Park Street, Stoughton, Ma 02072 2. Plaintiffs mothers' home 24 Deckard Street Dorchester, Ma 02121 3. Plaintiff Job 79 Thompson Street, Springfield, Ma 01109 (See Exhibit 11).

105.   Defendants Orlans letters also was not signed from any attorney from defendants Orlans office, these letters were contrary to the Federal Debt Collection Practices Act (FDCPA), Massachusetts Debt Collection Regulation Act, Massachusetts Unfair & Deceptive Trade Practices Act 93a. and other Federal & State consumer Laws.

106.   The September 19, 2018 letter is within the one-year statute of limitations of the FDCPA.

107.   Upon information & belief Defendant SPS and or BNY hired Defendant Orlans PC, on or about January 1, 2018 to conduct inspections and to conduct a foreclosure upon 572 Park Street

Stoughton, Ma 02072 post 2005 acceleration & Post foreclosure 2007 there was no mortgage & note to enforce.

108. The mortgage debt referenced all of Orlans mortgage statements & letters sent to Plaintiff arose out of transactions in which the money, property, insurance, or services that are the subject of the transaction were primarily for personal, family, or household purposes.

109. Plaintiff was confused by the Orlans P.C Foreclosure Correspondence in that it appeared to be from an attorney, but was not signed by one, and did not identify the full name of an attorney.

110. Plaintiff was not certain whether or not plaintiffs Foreclosure Letter was from an attorney, the suggestion in the Foreclosure Letter that it was from an attorney raised plaintiff's anxiety.

111. The appearance that the Foreclosure Letter may have been from an attorney suggested to plaintiff that an attorney may have conducted an independent investigation and substantive legal review of the circumstances of his alleged defaulted account, such that his prospects for avoiding foreclosure and a $630,000 plus debt were diminished.

112. The second Foreclosure was so Fundamentally unfair that Plaintiff is entitled to affirmative equitable relief, specifically the setting aside of the foreclosure sale as defendants' failure to comply strictly with the power of sale provided in the mortgage as there was no mortgage to foreclose on.

113. The foreclosure has a negative effect on the plaintiff such as, a foreclosure being recorded in the public record for a life time, potential credit issues, personal injuries and other injuries stated in this complaint.

114. Plaintiff has and will suffer economic lost due to a second record being published at the Norfolk registry of deeds, and this foreclosure can become part of Plaintiff credit history, deficiency judgment, plaintiff has been injured.

115. All the defendant's communications to the plaintiff was contrary to the FDCPA in at least two ways. First, it is illegal to attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly permitted by law."

The complaint argues that the attempt to collect "late charges" that "very from day to day" is unlawful, as plaintiff did not have a mortgage and or note since 2008.

116.   Second, the FDCPA requires a "notice of debt" to contain certain information for the debtor and be mailed to the debtor within five days of first contacting the debtor about the debt. This lawsuit maintains all the defendants missed that five-day deadline in its communications with the plaintiff.

### FACTS REGARDING DEFENDANTS DOLAN, JAMES, GREGORY, BARBARA, KATHLEEN, DAVID, CINDY

117.   Defendants Dolan, James, Gregory, Barbara, Kathleen, David, Cindy are part of the law firm Dolan Connly.

118.   On April 24, 2018 Defendants BNY Dolan, James, Gregory, Barbara, Kathleen, David, Cindy mailed plaintiff or caused to be mailed a Notice Under Massachusetts General Laws Chapter 186A based on BNY April 9, 2018 foreclosure of 572 Park Street Stoughton, Ma 02072.

119.   On April 24, 2018 Defendants BNY Dolan, James, Gregory, Barbara, Kathleen, David, Cindy also mailed a Change in Ownership Occupant Questionnaire -Foreclosure document, this document stated that on April 9, 2018 BNY and its agent defendant SPS foreclosed and became the new owners of the property located at 572 Park Street, Stoughton, Ma 02072, this document was Unfair & Deceptive and was contrary of the FDCPA, MGL 93A and other Federal & State laws on its face (See Exhibit 12).

120.   This Change in Ownership Occupant Questionnaire -Foreclosure document also stated, "the representative responsible for management of the subject premises and for the collection of rents and use and occupancy charges is Cindy Silva." When due and requested, payment of rent and use of occupancy charges may be delivered to Cindy Silva at P.O Box 815 Dracut, MA 01826, telephone number (978) 821-9806 Fax (617) 506-6019 between the hours of 9:00 am to 5 pm on all business days. Payment must be in the form of Cash, personal check or cashier's check made payable to BNY and shall be made in person or by mail to the above-named agent at the address referenced above".

121.   Defendants Dolan, James, Gregory, Barbara, Kathleen, David, Cindy knew or should have known that this document was contrary to FDCPA, MGL 93a, Massachusetts Debt Collection Regulation Act and outer Federal & State laws.

122.   These Notices that defendants Dolan, James, Gregory, Barbara, Kathleen, David, Cindy filed or caused to be filed was contrary to the FDCPA, MDCRA, MGL 93a and other state laws as the defendants had no right to do so.

123.   Defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison Orlans knew or should have known that there was no legal entitlement to foreclose or send any related notices regarding the April 9, 2018 foreclosure, this action was and is prohibited by the FDCPA, MGL 93a, Massachusetts Debt Collection Regulation Act and other Federal & State laws.

124.   As previously stated in this lawsuit that Defendants BNY, SPS, Dolan, Orlans, Linda Orlans, Alison Orlans, Dolan, James, Gregory, Barbara, Kathleen, David, Cindy, Jane Doe or John Doe had no right to foreclose on the property or proceed with any attempt to evict or disable the above mention property, as there was not a mortgage or note on the home due to the previous foreclosure that occurred on approximately Feb of 2008 and the 2005 acceleration of the mortgage..

125.   All actions defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison Orlans took regarding the April 9, 2018 foreclosure were contrary to the FDCPA, MGL 93a and other federal & state laws.

126.   On or about April 26, 2018 plaintiff sent the defendants BNY, Dolan, James, Gregory, Barbara, Kathleen, David, Cindy a MGL 93a demand notice, preservation notice, FDCPA validation request and notice of intent Defendant Dolan answered on or about May 2, 2019 (See Exhibit 13).

127.   Defendants BNY, Dolan, James, Gregory, Barbara, Kathleen, David, Cindy mailed filed or caused to be mailed or filed an eviction proceeding in the Stoughton Court regarding the April 9, 2019 foreclosure on the above property to the plaintiff on dates of April 15, 2019, April 29, 2019 these acts are contrary to the FDCPA, MGL 93a MDCRA and other Federal & State laws (See Exhibit 14).

128.   On or about March 29, 2019 BNY, Dolan, James, Gregory, Barbara, Kathleen, David, Cindy mailed filed or caused to be mailed a notice to quit to plaintiff they alleged it was delivered to the plaintiff by constable, plaintiff never received a copy from the constable plaintiff surveillance cameras show no constable on about March 29, 2019 at his residence.

129.   Plaintiff plans to propound evidence and depose the constable and the above defendants to flush out the truth.

130.  Defendants BNY, Dolan, James, Gregory, Barbara, Kathleen, David, Cindy actions have caused plaintiff personal injuries, loss of sleep, loss of consortium.

131.  The plaintiff sent all defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison  Orlans debt validation notices and they all failed to validate the debt and continued collection activities which is contrary to the FDCPA, MGL 93, MDCRA and other Federal & State Laws.

## COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT

BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison  Orlans, Jane Doe & John Doe

132. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged here.

133. Plaintiff was in default when servicer Defendant began servicing his loan, the loan and Note was in default as of August 2005.

134.Defendants notices contained language that stated the Plaintiff is obligated to pay money, it also stated where the money should be sent.

135.FDCPA 15 U.S. Code § 1692f.Unfair practices

136.  Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692

137.  Defendants are debt collectors within the meaning of FDCPA, 15 U.S.C. §1692

138.Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

139.Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

140.Defendant violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

141.Defendant violated 15 U.S.C. §1692e(6) by sale or transfer of any interest in the debt will cause the consumer to lose any claim or defense to payment of the debt.

142.Defendant violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

143.Defendant violated 15 U.S.C. §1692e (10) using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

144.Defendant violated 15 U.S.C. §1692e (11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

145.Defendant violated 15 U.S.C. §1692e (14) by the use of any name other than the true name of the debt collector's business.

146.Defendant violated 15 U.S.C. §1692f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

147.Defendant violated 15 U.S.C. §1692f (6) taken or threatened to unlawfully repossess or disable the consumer's property.

148.Defendant violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt

collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff prays that this honorable Court award him damages from Defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva ,Orlans, Linda Orlans, Alison   Orlans, Jane Doe & John Doe for the claims set forth herein including litigation fees and costs, sleep and emotional stress, personal injuries, Compensatory, Actual and punitive damages, attorney fees, damages to plaintiffs credit and any other and further relief which is just and proper under the circumstances.

## COUNT II

For Wrongful Foreclosure:  Violations of Statutes GLM c. 244 § 14, c. 183 § 21

DEFENDANTS BNY, SPS, Orlans,

Linda Orlans, Alison   Orlans, Jane Doe & John Doe

149. Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged here.

150. BNY exercised the statutory power of sale contained in GLM c. 183 § 21, under procedures required by GLM c 244 § 14 with the assistance of defendants SPS, Orlans,

Linda Orlans, Alison   Orlans, Jane Doe & John Doe

151. BNY, acting by and through SPS, Orlans, Linda Orlans, Alison   Orlans, Jane Doe & John Doe exercised the power of sale without the requisite legal authority, being a valid Mortgage & Note under Plaintiffs name on April 9, 2018.

152. The resulting foreclosure sale was wrongful, without legal effect, and void.

153. BNY, acting by and through defendants SPS, Orlans, Linda Orlans, Alison  Orlans, Jane Doe & John Doe serve and published statutorily mandated notices pursuant to GLM c 244, §§ 14 and 35A, asserting authority to foreclose by mortgage & note on April 9, 2018 that did not and does not exist.

154. Said notices do not meet the statutory requirements and are void and without legal effect.  The foreclosure conducted (April 9, 2018) based on improper mailed or published legal notices is wrongful, void, and without legal affect.

155. BNY, acting by and through defendants SPS, Orlans, Linda Orlans, Alison  Orlans, Jane Doe & John Doe represented to the Land Court authority to exercise a power of sale based on a mortgage & note that did not exist at the time of the representation. The misrepresentation result in void or voidable judgments of the Land Court.

156. Absent valid Mortgage & Note prior to the notice required by GLM c 244 §35A and/or G.L. c. 244, § 14, foreclosure sales are wrongful and improper under Massachusetts law.

157. The foreclosure sales conducted by such entities are also void or voidable as against public policy.

158. Plaintiff has suffered personal injuries, damages as a result of defendants' BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison  Orlans, Jane Doe & John Doe conduct.

159. Plaintiff is entitled to a declaratory judgment determining that the foreclosure sale of the property mentioned in this law suit is void and setting aside the sale.By defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison  Orlans, Jane Doe & John Doe recording the April 9, 2018 foreclosure sale was wrong and is void and should be set aside and cleared from the Norfolk Registry of deeds.

WHEREFORE, plaintiff respectfully requests that this Honorable Court, Assume jurisdiction over this matter; Issue declaratory and/or injunctive relief setting aside the foreclosure sale (April 9, 2018) of above mentioned property as void or voidable and in violation of statute and public policy; Issue an injunction and/or declaratory

relief to prevent further improper foreclosure related proceedings; issue an injunction preventing assessment or collection of attorney fees and charges for improper foreclosure and eviction proceedings based on the April 9, 2018 foreclosure; Award damages, attorney fees, and costs, Issue a temporary and/or permanent injunction of the eviction proceedings pending against plaintiff based on the April 9, 2018 foreclosure, Award such other relief as the Court deems necessary in equity and the interests of justice.

## COUNT III

### VIOLATION OF CHAPTER 93A

### DEFENDANTS BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison   Orlans, Jane Doe & John Doe

160. Plaintiffs sent to the Defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison   Orlans, Jane Doe & John Doe by certified mail a written demand for relief, identifying the claimants and reasonably describing the unfair and deceptive acts or practices relied upon and injuries suffered. A copy of said demand is attached to complaint.

161. Defendants have not timely responded to and or have refused the Plaintiffs' demand for relief; further, said non-response constitutes a refusal made in bad faith, with knowledge or reason to know that the act or practice complained of violated G.L. c. 93A

162. All of the Defendants' unfair and deceptive practices were willful and knowing within the meaning of M.G.L. c. 93A.

163. Beyond theories of vicarious liability and holding defendants BNY, SPS, Dolan, James, Gregory Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison   Orlans, Jane Doe & John Doe liable for their own acts and conduct towards Plaintiff.

164.The damages awarded should be multiplied under Ch. 93A, § 11] particularly where, as here, all the defendants' acts are willful, malicious and unjustified.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiff against Defendants for: (1) Statutory damages; (2) Actual damages equal to any unauthorized interest paid; (3) Treble damages for violations of G.L. c. 93A; (4) Attorneys' fees, litigation expenses and costs of suit; (5) Compensatory, nominal and punitive damages; (6) A declaration that Defendants may not add interest to a debt for a period prior to the date of 2005 acceleration and or 2008 foreclosure demand or breach, and may not include prejudgment interest in the amount sought in a court; (7) actual and or statutory damages, and punitive damages, attorney's fees and costs. (8) An injunction prohibiting Defendants from demanding such; (8) Such other and further relief as is appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 6th day of May 2019

Paul Jones

572 Park Street

Stoughton, Ma 02072

PJ22765@gmail.com

617-939-5417

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

### STATE OF MASSACHUSETTS

#### Plaintiff, Paul Jones, states as follows

I am the Plaintiff in this civil proceeding.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this civil complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Paul Jones

May 6, 2019

PJ22765@gmail.com

617-939-5417