UNITED STATES DIASTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOLAN CONNLY, P.C., JAMES W. | ) | Case No.  19-cv-11076-FDS |
| DOLAN, BARBARA D. CONNLY, | ) | |
| KATHLEEN ALLEN, DAVID A. | ) | |
| MARSOCCI, CINDY SILVA, BANK OF | ) | |
| NEW YORK MELLON, GREGORY A. | ) | |
| CONNLY, ORLANS, P.C., LINDA | ) | |
| ORLANS, ALISON ORLANS, JANE DOE, | ) | |
| AND JOHN DOE, SELECT PORTFOLIO | ) | |
| SERVICING, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS, DOLAN CONNLY, P.C., JAMES W. DOLAN,
BARBARA D. CONNLY, KATHLEEN ALLEN, DAVID A. MARSOCCI
and GREGORY A. CONNLY'S, MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS COMPLAINT UNDER 12(b)(6)**

Defendants, Dolan Connly, P.C., James W. Dolan, Barbara D. Connly, Kathleen Allen,

David A. Marsocci and Gregory A. Connly (hereinafter "Dolan Connly" or "Dolan Connly

Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum

of Law in Support of Defendants' Motion to Dismiss.

## INTRODUCTION

In a Complaint replete with the misstatements of fact and applicable law, the Plaintiff,

Paul Jones,, seemingly attempts to assign liability to Dolan Connly, P.C. and each of the five (5)

individual attorneys working at the firm under miscellaneous provisions of the Fair Debt

Collection Practices Act ("FDCPA") or similar state or local regulations.  The Complaint is

1

devoid of any specific or clear allegations and never states what actual actions Dolan Connly,

P.C. or its employees supposedly undertook that were an attempt to collect a debt or how the

actions taken or statements made could be construed to be in violation of 15 U.S.C § 1692 et seq.

There are some vague and general allegations of an improper foreclosure process, but no

allegation that any above-named Defendant was responsible for the creation or the sending of

any notice relating to the foreclosure.  The Plaintiff repeatedly states that the actions of various

parties are wrongful, but neglects to state with any particularity what the supposedly wrongful

conduct is.

      The Complaints served on Dolan Connly, P.C. and to its five (5) attorneys, appear to

have out of order, incomplete and missing Exhibits.[1]  Because of the disorganization of the

pleading and the Exhibits, it is difficult to ascertain with any level of confidence, even by

reference to the attached Exhibits, what the Plaintiff believes constitute wrongful  act on the part

of Dolan Connly, P.C. or its attorneys.  However, it is clear, and corroborated by reviewing the

Exhibits of the Plaintiff, that there are only three (3) instances where Dolan Connly, P.C. sent

any correspondence or communication to the Plaintiff.  As discussed in greater detail below,

none of the documents singularly, or collectively, could reasonably be construed as an attempt to

collect a debt or to be a violation of applicable law.

      The Court should be aware that Dolan Connly, P.C. was not retained in any manner as it

relates to the Plaintiff until April 20, 2018.  At that time, it was retained purely to conduct an

eviction following a recent foreclosure sale.   Therefore, any action, communication, allegation

or statement concerning anything before April 20, 2018 that references Dolan Connly, P.C.,

---

[1] Plaintiff's Complaint has Exhibits 1-10, but the next is another Exhibit 1 with several partial documents.  The next
in order is Exhibit No. 11 and this also appears to be a smattering of only partial documents.  Exhibit 12 is then
followed by another Exhibit 1-3.  Following this is another Exhibit 4 which is another instance of an incomplete
compilation of miscellaneous documents.  There is no Exhibit 5.  Exhibit 6 is the next and it also is a
conglomeration of several unrelated, but still incomplete documents.   And the next but final Exhibit is No. 14.

James W. Dolan, Gregory A. Connly, David A. Marsocci, Barbara D. Connly or Kathleen Allen would appear to be either a negligent, or an intentional, misstatement by the Plaintiff.

## STATEMENT OF PLAINTIFF'S ALLEGATIONS

Jones claims that various Defendants "did not strictly comply with paragraph 22 of the mortgage….." (Complaint ¶ 26). However, it is clear from a review of the Exhibits attached to the Plaintiff's Complaint that Dolan Connly, P.C., James W. Dolan, Gregory A. Connly, David A. Marsocci, Barbara D. Connly or Kathleen Allen were not involved in any manner with the foreclosure process. The foreclosure sale process appears to have been conducted by Orlans, P.C. The Plaintiff references the recent United Stated Supreme Court decision of <u>Obduskey v. McCarthy & Holthus LLP</u>, 139 S. Ct. 1029 (2019), but frankly does so in a disingenuous and intentionally misleading way. The Plaintiff conveniently omits what is arguably the most important part of the <u>Obduskey</u> decision. The Plaintiff neglects to disclose that the foreclosing law firm was found not liable and the FDCPA was found not applicable to the law firm. After considering the purpose of the foreclosure and the nature of the correspondence sent, the Court wrote "…considerations lead us to conclude that McCarthy ***is not subject to the main coverage of the Act***." Id. at 1039. (Emphasis added). But again, Dolan Connly, P.C. did not conduct the foreclosure sale and was not responsible for any communications sent during that process.

Although it is nowhere clearly stated in the Complaint, it is clear that the only three (3) communications or letters that were sent by Dolan Connly, P.C., other than the summary process complaint itself, were 1) an initial Mass. Gen. L. c. 186A Notice dated April 24, 2018, 2) a 93A Response letter dated May 2, 2018 and 3) a 72 Hour Notice to Quit dated March 29, 2019. Incidentally, contrary to the Plaintiff's allegation (Complaint ¶ 140), Cindy Williams actually is ***not "…***part of the law firm Dolan Connly." As disclosed in the 186A letter, Ms. William was an agent acting as a property manager at the time the 186A notice was sent. (Complaint ¶ 143). The

Plaintiff was previously notified of this fact and it is unclear whether he intends to amend his Complaint for a third time.

The Plaintiff states that the Defendants "caused to be mailed a Notice Under Massachusetts General Laws Chapter 186A based on BNY April 9, 2018 foreclosure of 572 Park Street Stoughton, Ma 02072."  (Complaint ¶ 141).  The Plaintiff claims that the Defendants "knew or should have known this document was contrary to FDCPA, MGL93a, Massachusetts Debt Collection Regulation Act and outer (sic) Federal & States laws. (Complaint ¶ 144).  The Plaintiff fails to state how or why the 186A Notice was contrary to FDCPA or violated any law or regulation.

After apparently receiving the 186A Notice, the Plaintiff sent the defendants "…a MGL 93a demand notice, preservation notice, FDCPA validation request…."  (Complaint ¶ 149).  One of the referenced letters is shown as Exhibit 13, but it appears that some of the other documents Plaintiff claims were sent, if they were sent, are only shown in the mis-numbered second Exhibit 4 that contains a number of partial documents.

The Plaintiff curiously claims "…and **they all** (**emphasis added**) failed to validate the debt and continued collection activities which is contrary to the FDCPA, MGL 93, MDCRA and other Federal & State Laws."  (Complaint ¶ 154).  This allegation is particularly odd because the Plaintiff actually includes a copy of the Dolan Connly response dated May 2, 2018.  The detailed response is included in the mis-numbered *second* Exhibit 6 that contains additional partial documents.

The Plaintiff does not specifically reference the Notice to Quit sent by Dolan Connly, P.C. by allegation, but claims various Defendants "…mailed filed or caused to be mailed or filed an eviction proceeding in the Stoughton Court regarding the April 9, 2019 foreclosure on the above property…these acts are contrary to the FDCPA, MGL 93a MDCRA and other Federal &

State laws." (Complaint ¶ 150).  Again, the Plaintiff never states how or why the summary

process proceeding is contrary to FDCPA or any other federal or state laws.  The Defendant filed

a Motion to Dismiss the eviction action in the Stoughton District Court, but to date, no action has

been taken and the matter remains pending.

Exhibit 14 appears to contain copies of the Notice to Quit, the Summary Process

Summons and Complaint and the recorded foreclosure deed that were all filed with the

Stoughton District Court upon entry of the eviction case.  It is clear from a review of Exhibit 14

that individual Defendants, James W. Dolan, Gregory A. Connly, Barbara D. Connly and

Kathleen Allen have no involvement with the eviction.  The documents were each prepared by

David A. Marsocci and sent by him.  Without even the slightest hint of an allegation that any

individual employee of Dolan Connly, P.C. was involved, it appears their inclusion lacks any

merit, is merely designed to harass and it is appropriate that all claims against all individually

named Defendants, should be dismissed.

## LEGAL STANDARDS

The Plaintiff's obligation to provide the grounds of his claim in his complaint "requires

more than labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A

court is not "bound to accept as true a legal conclusion couched as a factual allegation."  Id.

(quotations omitted).  The court "must separate the complaint's factual allegations (which must

be accepted as true) from its conclusory legal allegations (which need not be credited)."  A.G. ex

rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013).  The court must then "determine

whether the remaining factual content allows a reasonable inference that the defendant is liable

for the misconduct alleged."  Id.

With respect to inferences, "only a complaint that states a *plausible* claim for relief

survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2007) (emphasis added);

Periyaswamy v. Karuppasamy, No. 13-11548-PBS, 2014 WL 3873031, at *4 (D. Mass. July 30, 2014).  "In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which judicial notice can be taken."  Freeman v. MetLife Grp., Inc., 583 F. Supp. 2d 218, 221 (D. Mass. 2008).

By application of this well-established standard, an expeditious dismissal of all Counts against Dolan Connly, P.C., James W. Dolan, Gregory A. Connly, David A Marsocci, Barbara D. Connly and Kathleen Allen is just and appropriate.

## ARGUMENT

## I.  PLAINTIFF FAILS TO STATE A CLAIM AGAINST DOLAN CONNLY, P.C. OR ANY OF ITS EMPLOYEES.

The Plaintiff's Complaint contains five (5) Counts.  Prior to the Counts, there are one hundred fifty-six (156) numbered paragraphs.  So far as can be gleaned from the content and meaning of the wording used, the Plaintiff attempts to claim that the Dolan Connly Defendants are, or could be, liable for the earlier actions of the other Defendants in connection with some alleged impropriety of the foreclosure sale.  In numerous instances, the Plaintiff curiously references collectively the "Defendants BNY, SPS, Dolan, James, Gregory, Barbara, Kathleen, David, Cindy Silva, Orlans, Linda Orlans, Alison Orlans, Jane Doe & John Doe…"  as if they were all parts of the same entity.  This creates enormous confusion and difficulty following the attempted logic of the Plaintiff's allegations since the Dolan Connly Defendants were not involved with the foreclosure process, are not part of the Orlans law firm, and that Cindy Silva is not an employee, and never was an employee, of Dolan Connly, P.C.

Counts II and IV specially only reference matters pertaining to the foreclosure process and are inapplicable to any actions of Dolan Connly, P.C. or its employees.  Counts I, III and V

all relate to allegedly improper debt collection practices and consumer protection.  For the

reasons that are stated below, there was no improper or wrongful conduct or communication and

there is no liability to the Plaintiff under FDCPA or the state consumer protection statute or

regulations.  As such, all claims against Dolan Connly, P.C., James W. Dolan, Gregory A.

Connly, David A. Marsocci, Barbara D. Connly and Kathleen Allen should be dismissed.

In Count I of the complaint, the Plaintiff claims that the Defendants violated various

provisions of the FDCPA.

### a.  FDCPA Claims in general.

The threshold question is whether any communication (either the Mass. Gen. L. c. 186A

Notice, the 93A Demand Response letter or the Notice to Quit), understood by the

unsophisticated consumer, "was an unfair or unconscionable means to collect or attempt to

collect any debt" or a "false, deceptive or misleading representation or means in connection with

the collection of any debt." 15 U.S.C. §1692e, §1692f. See  Waters v. Kream at 437-438. The

Plaintiff has not convincingly alleged anything to be false, deceptive or misleading.  Therefore, it

is appropriate that all claims, as they pertain to, Dolan Connly, P.C. James W. Dolan, Gregory A.

Connly, David A. Marsocci, Barbara D. Connly and Kathleen Allen be dismissed.

The Plaintiff  has made no specific allegation that any behavior by Dolan Connly, P.C. or

any of its employees, even by an objective standard, could be characterized as oppressive,

deceptive, or abusive.  Nor is possible that the least sophisticated of consumers would have

reasonably interpreted any letter from Dolan Connly, P.C.  as a collection letter.

Not all letters or communications are prohibited.  FDCPA only prohibits "oppressive and

outrageous conduct." Bieber v. Associated Collection Servs., Inc., 631 F. Supp. 1410, 1417 (D.

Kan. 1986).  The least sophisticated consumer test does not extend protection to "'every bizarre

or idiosyncratic interpretation of a collection notice' and courts should apply the standard 'in a

manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" Easterling, 692 F.3d at 234, quoting Russell, 74 F.3d at 33. It appears clear that there is no deceitful or oppressive conduct in this matter.

### b.   Plaintiff's Claims Lack Necessary Specificity.

For each alleged violation, the Plaintiff simply recites the operative statutory language, without providing any supporting factual allegations here or elsewhere in his voluminous Complaint.  By way of example, there are no facts in the Complaint to support the allegation that any Defendant falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2), or that they engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in violation of 15 U.S.C. § 1692d (and the same can be said for the other alleged violations of the FDCPA). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) Dismissal of all claims under FDCPA listed in Count I against Dolan Connly, P.C., James W. Dolan, Gregory A. Connly, David A. Marsocci, Barbara D. Connly and Kathleen Allen are unsupported and should be dismissed.

### c.   Plaintiff's Complaint Lacks Essential Elements.

"In order to prevail on an FDCPA claim, a plaintiff must prove that (1) he was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning of the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA." Krasnor v. Spaulding Law Office, 675 F. Supp. 2d 208, 211 (D. Mass. 2009). As explained in the previous section, the Defendants had a permissible (if not statutorily required) purpose and were therefore authorized to send the Mass. Gen. L. c. 186A letter, the response to the 93A Demand and the Notice to Quit.   Thus, the Plaintiff has not alleged a prohibited act or omission under the FDCPA.  Accordingly, dismissal pursuant to Rule 12(b)(6) is appropriate.

**A.  The Notice sent to "Tenants" pursuant to Mass. Gen. L. c. 186A is not actionable.**

The Mass. Gen. L. c. 186A Notice is a statutorily required notice that must be sent to all tenants in a foreclosed property within thirty (30) days of the foreclosure.  In this instance, in April of 2018, it was unclear who occupied the property and the Notice was sent out of an abundance of caution.   Far more importantly, the 186A notice **_was not_** addressed to the Plaintiff, but was addressed to "ANY & ALL OCCUPANTS or TENANTS residing at 572 Park Street, Stoughton, MA 02072."  The Notice is an information notice and is referenced as the Change in Ownership Occupant Questionnaire and is Exhibit 12 to the Complaint.   By a review of the Notice, and what is stated in the notice, it is clear that it specifically states in relevant part as follows:  "**NO RENT IS BEING DEMANDED OR SOUGHT BY THIS NOTICE.**"

When applicable, Mass. Gen. L. c. 186A provides for certain protections for **_tenants_** living in foreclosed properties. Section 2 of Chapter 186A provides that "a foreclosing owner shall not evict a **_tenant_** except for just cause or unless a binding purchase and sale agreement has been executed for a bona fide third party to purchase the housing accommodation from the foreclosing owner." M.G.L. c. 186A, § 2 The term "tenant" is defined as "a person or a group of persons  who at the time of foreclosure is entitled to occupy a housing accommodation pursuant to a bona fide lease or tenancy or a tenancy at will." M.G.L. c. 186A, § 1. Chapter 186A provides that "a lease or tenancy shall not be considered bona fide unless: (1) the mortgagor, or the child, spouse or parent of the mortgagor under the contract, is not the tenant; and (2) the lease or tenancy was the result of an arms-length transaction." Id.

In addition, Section 3 provides that:

> Within 30 days of foreclosure, the foreclosing owner shall post in a prominent location in the building in which the rental housing unit is located a written notice stating the names, addresses, telephone numbers and telephone contact information of the foreclosing owner, the building manager or other

9

representative of the foreclosing owner responsible for the management of such building and stating the address to which rent and use and occupancy charges shall be sent.

M.G.L. c. 186A, § 3.

Therefore, to the extent that the Plaintiff claims the 186A notice itself, sent by Dolan Connly, P.C. is a violation of FDCPA, this claim fails as a matter of law because Chapter 186A does not apply to the Plaintiff.   Chapter 186A does not apply to the Plaintiff because he was not, and is not, a tenant within the meaning of Chapter 186A.  Accordingly, any claim that the Chapter 186A letter (which was not addressed to the Plaintiff), is a violation of FDCPA, this claim must be dismissed.

### B.  Statute of Limitations

Even if the April 24, 2018 letter mailed to the property were somehow to be construed a violation of FDCPA, a fact vehemently disputed, the claims of the Plaintiff would be time barred.

The FDCPA has a one (1) year statute of limitations. See 15 U.S.C. § 1692k(d).  The Plaintiff did not file his initial action in this matter until May 9, 2019.  As this is more than one (1) year from the Plaintiff's receipt of the 186A Notice, his claims under FDCPA pertaining to this 186A Notice should be dismissed.

### C.  Response to 93A Demand Letter is not actionable.

The Plaintiff does not even acknowledge that a response to his Mass Gen. c. 93A Demand letter was prepared and delivered, but his inclusion of the response as an Exhibit demonstrates it was received by him.

The Plaintiff sent Dolan Connly, P.C. a Mass. Gen. L. c. 93A Demand letter and at or about the same, time, similarly requested Verification under 15 U.S.C. § 1692.  In a letter dated May 2, 2018, Dolan Connly, P.C. endeavored to address and respond to all the allegations and/or

statements of the Plaintiff.  The response of Dolan Connly, P.C. is in the *second* Exhibit 4.
Counsel spent considerable time attempting to decipher the cryptic allegations of the Plaintiff
and responded in as complete manner as was possible.  A written response to a 93A Demand
letter is required by the Massachusetts statute.  Therefore the written response itself, cannot
constitute a violation of  the federal statute.  The Plaintiff has not alleged there is anything false
or oppressive in the response.  Therefore, it would appear there can be no liability for this
communication from Dolan Connly, P.C.

### D.  FDCPA not applicable to the Letters sent by Dolan Connly, P.C.

It appears that of the Mass. Gen. L. c. 186A letter addressed to "Occupants", and the 93A
Demand Response and the Notice to Quit, none contain reference to funds allegedly due, sought
or to be pursued and cannot objectively be construed as a collection letter.   The First Circuit
recently held that, "for FDCPA purposes, a collection letter is to be viewed from the perspective
of the hypothetical unsophisticated consumer." Pollard v. Law Office of Mandy L. Spaulding,
766 F.3d 98, 103 (1st Cir. 2014). The standard protects "all consumers, including the
inexperienced, the untrained and the credulous." Id. at 103-104, citing Taylor v. Perrin, Landry,
deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997); see Clomon v. Jackson, 988 F.2d
1314, 1318 (2d Cir. 1993). Even so, the standard remains an objective one, which preserves an
element of reasonableness. Id. at 104. That is, a debt collector will not be held liable based on an
individual consumer's chimerical or farfetched reading of a collection letter. Id.  In the present
matter, even if acting as a debt collector, the Plaintiff has such a chimerical and farfetched
reading of the three (3) letters from Dolan Connly and its employees that this Court should find
there is no liability.    .

In a similar case involving an allegation of a law firm's correspondence being a violation
of FDCPA, this Court determined otherwise.   The case was Waters v. Kream, 770 F.Supp.2d

434 (D.Mass. 2011) (OToole, J.). In <u>Waters</u>, the law firm of Kream & Kream, were acting as debt collectors, and sent a letter to a consumer after the consumer had been served with the summons and complaint. The letter advised the consumer that he had been served and that if he wanted to avoid court costs, he could still contact the firm to settle.  Judge O'Toole found in favor of the law firm and held that the substance of the communication, fairly understood as a whole by the "least sophisticated consumer," was not unfair, unconscionable or false and misleading within the meaning of 15 U.S.C. §1692e and §1692f. *Id.* at 437-438.  The same can be said of the notices sent by Dolan Connly, P.C. as the letters here were even less offensive in that each was required by applicable law.

### E.  <u>Counts III and V Similarly Fail as a Matter of Law.</u>

The Plaintiff's theory of liability against Dolan Connly, P.C. or any of its employees rises and falls with the liability, if any, under FDCPA.  Count III is a 93A claim that merely, and in an entirely conclusory fashion, claims "[d]efendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A, § 2."  The Plaintiff has provided no basis that any action taken or statement sent by Dolan Connly, P.C. is improper or actionable.   Since there is no liability under FDCPA, there can be no liability under Mass. Gen. L. c. 93A.

Lastly, Count V should be summarily dismissed where it is clear it "applies only to the collection of debts, as defined in 940 CMR 7.00, and not conduct which is not the collection of debts or any part thereof is affected."  If it is determined that the Plaintiff failed to state a claim that any activity of the movant was an impermissible attempt at collection of a debt or that it's actions have not been shown (or even alleged) to have been in violation of any section of the applicable federal or state law, then it must follow that there can be no liability under any of the Plaintiff's claimed applicable provisions of 940 CMR 7:00.

**CONCLUSION**

Defendants respectfully submit, for all of the foregoing reasons, that the Court should

grant Defendants' Motion to Dismiss against the aforementioned Defendants, with prejudice.


Dated: June 20, 2019

Respectfully Submitted,

The Defendants,
DOLAN CONNLY, P.C., JAMES W.
DOLAN, BARBARA D. CONNLY,
KATHLEEN. ALLEN, DAVID A.
MARSOCCI, AND GREGORY A.
CONNLY,
By their Attorney,


/s/ David A. Marsocci
David A. Marsocci, Esq.
Dolan Connly, P.C.
BBO# 629249
50 Redfield Street, Suite 202
Boston, MA 02122
(617) 265-3100
dmarsocci@dolanconnly.com

Dated:  June 20, 2019


**Certificate of Service**

I, David A. Marsocci, Esq., hereby certify that a true copy of the above document was served
upon the following parties by first class on this the 20th day of June, 2019.

Paul Jones
572 Park Street
Stoughton, MA 02072

/s/ David A. Marsocci
David A. Marsocci
*Counsel for Defendants*