# EXIHBIT 1

# DOLAN CONNLY

## A PROFESSIONAL CORPORATION

James W. Dolan
Gregory A. Connly*
David A. Marocci*†
Barbara D. Connly
Kathleen M. Allen

*Admitted in MA and NY*
*Admitted in MA and NH*†

**ATTORNEYS AT LAW**
50 Redfield Street, Suite 202
Boston, Massachusetts 02122
Telephone: (617) 265-3100
Telecopier: (617) 265-3101
www.dolanconnlylaw.com

Plymouth County Office:
2 Columbia Road, Suite 3
Pembroke, MA 02359
Telephone: (781) 312-7832

## SERVICE BY POSTING AND FIRST CLASS MAIL

## NOTICE UNDER MASSACHUSETTS GENERAL LAWS CHAPTER 186A

**April 24, 2018**

ANY & ALL OCCUPANTS or TENANTS residing at
572 Park Street
Stoughton, MA 02072

Re: 572 Park Street, Stoughton, MA 02072
    Previous Owner: Paul Jones
    New Owner: The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc.
    Asset-Backed Certificates, Series 2004-7
    Our Client: Select Portfolio Mortgage Servicing
    Our File No.: 1106-876

Dear Any and All Occupants or Tenants:

**THIS IS NOT AN EVICTION NOTICE. BY THIS NOTICE, YOU ARE NOT BEING EVICTED FROM THE PROPERTY.**

**NO RENT IS BEING DEMANDED BY THIS NOTICE. NO RENT IS BEING SOUGHT BY THIS NOTICE. THE PRIMARY PURPOSE OF THIS NOTICE IS TO ADVISE YOU OF SOME OF YOUR RIGHTS AND TO SEEK INFORMATION ABOUT THE PROPERTY AND THE OCCUPANTS.**

## IF YOU ARE A TENANT:

**NOTICE IS HEREBY GIVEN** that The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2004-7 c/o Select Portfolio Servicing, P.O Box 65250, Salt Lake City, UT 84165 ("Owner"), Phone No. 1-800-258-8602, purchased the above-referenced premises at a foreclosure sale on April 9, 2018.

Despite the foreclosure, bona fide tenants have specific rights pursuant to Massachusetts General Law, Chapter 186A. Owner has no information regarding you or your occupancy of the residence listed above. Please provide this office with all occupancy information including, but not limited to, the names of all current occupants, telephone number(s), move-in date, the date your lease started, the date your lease is due to expire, current monthly payment, when payment is due, etc. In order to assist you with this process we have attached a "Change in Ownership Occupant Questionnaire – Foreclosure". Within the next seven (7) calendar days, please fill out this Questionnaire as completely as you can and return it, along with a copy of your lease and evidence of rent payments, via fax to (617) 506-6019 or via mail to P.O. Box 815, Dracut, MA 01826. You may also contact Cindy Silva, Agent for OWNER, with any questions you may have concerning the

NOTICE IS FURTHER GIVEN that Massachusetts state law requires you to provide Owner with access to the Premises for the purpose of inspection, making repairs, or showing the unit to prospective purchasers. An inspection of the Premises is scheduled for April 27, 2018 at 12:00 PM. Of course, you can contact Cindy Silva with any questions you may have concerning future entry dates. Cindy Silva can be reached at Ph (978) 821-9806 Fx (617) 506-6019. Failure to allow access will result in a Court action to gain the same.

NOTICE IS FURTHER GIVEN that every tenant has a right to a court hearing prior to eviction and in most cases cannot be evicted without a showing of "just cause."

NO RENT IS BEING DEMANDED OR SOUGHT BY THIS NOTICE. The representative responsible for management of the subject premises and for the collection of rent and use and occupancy charges is Cindy Silva. When due and requested, payment of rent and use and occupancy charges may be delivered to Cindy Silva at P.O. Box 815, Dracut, MA 01826, telephone Ph (978) 821-9806 Fx (617) 506-6019, between the hours of 9:00 a.m. to 5:00 p.m. on all business days. Payment must be in the form of cash, personal check, or cashier's check, made payable to The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2004-7, and shall be made in person or by U.S. mail to the above-named Agent at the address referenced above.

**NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS**

The Servicemembers' Civil Relief Act (50 U.S.C. App. §§ 501-596), as amended, ("SCRA") grants active service members of the United States Armed Forces or a dependant of such an active service member rights which include the temporary suspension of judicial and administrative proceedings against active service members and their dependents. IF YOU BELIEVE YOU QUALIFY for protection under the SCRA, please contact the above individual by mail, fax, or in person.

More information regarding Massachusetts General Law Chapter 186A is available by contacting Massachusetts Department of Housing and Community Development located at 100 Cambridge Street, Suite 300, Boston, MA 02114; tel. (617) 573-1100, www.mass.gov. Parties seeking legal advice should consult with an attorney.

El La dueña de la propiedad a sido transferida a Select Portfolio. Los pagos de la renta se deben hacer a Nombre de Select Portfolio. El representante responsable del manejo de esta propiedad es Cindy Silva. PARA ASISTENCIA EN ESPAÑOL LLAME AL Ph (978) 821-9806 Fx (617) 506-6019.

The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2004-7 c/o Select Portfolio Servicing.

Sincerely,

David A. Marsocci

# CHANGE IN OWNERSHIP OCCUPANT QUESTIONNAIRE - FORECLOSURE

**Dear Occupant:** The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2004-7, c/o Select Portfolio Servicing ("Owner") acquired ownership of the below property via a foreclosure sale held on April 8, 2018, and Select Portfolio is agent of the new the owner of the property.

**Please fill out this form** as completely as you can and return it, along with a copy of your lease and evidence of rent payments, via fax to (617) 606-6019 via mail to P.O. Box 615, Dracut, MA 01826.

A. Property Address: **572 Park Street, Stoughton, MA 02072**

| Names of all occupants | | Move-in date | Home Phone No. |
|---|---|---|---|
| | | _____ | (___) _____ |
| | | _____ | (___) _____ |
| | | _____ | (___) _____ |
| | | _____ | (___) _____ |
| | | _____ | (___) _____ |

B. Names of occupants above not on written lease: _____ and _____

C. Names on written lease no longer occupying unit: _____

D. Date lease started: _____  E. Date lease expired/converted to month-to-month: _____

F. Current monthly rent: $ _____   G. Is ☐ one check or ☐ separate checks paid to owner?

H. Amount of security deposit: $ _____   I. Interest on deposits paid through: _____

J. Any other prepaid rent or deposits?  ☐ Yes ☐ No  If Yes, please itemize below, including dates of deposit: _____

K. Due date of rent: _____   L. Rent currently paid through: _____

O. Does your rent include utilities? ☐ Yes ☐ No  If Yes, which utilities? _____

C. Parking included?   ☐ Yes ☐ No  If yes, space # _____ Any additional rent paid for parking: $ _____

Storage included?   ☐ Yes ☐ No  If yes, space # _____ Any additional rent paid for storage: $ _____

D. Use of a laundry? ☐ Yes ☐ No  Use of a garden?  ☐ Yes ☐ No   Use of a roof deck?  ☐ Yes ☐ No

P. Are you a Section 8 tenant or receiving any other Government subsidy for your rent? ☐ Yes ☐ No   If yes, please explain the program and list your portion of the rent. _____

Q. List any appliances, window coverings, light fixtures, etc. which YOU own: _____

R. Any pets? ☐ Yes ☐ No   If Yes, how many and what kind? _____

S. Any current problems with your unit? ☐ Yes ☐ No  If Yes, please explain: _____

**Signed:**

_____          _____
Occupant(s)                                             Date

# EXIHBIT 2

Paul Jones

572 Park Street

Stoughton, Ma 02072

Sent by Certified Mail # 7015 1520 0000 1814 3604

**Registered Agent**

GREGORY A. CONNLY                    **April 26 , 2018**

Dolan Connly, P.C.

50 Redfield St #202,

Boston, MA 02122

Dear Gregory A. Connly

Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your claim is disputed.

This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

Please be advised that, I am requesting a "validation:" that is, competent evidence that I have some contractual obligation to pay you.

Below are some of the statues that Dolan Connly P.C has violated:

**§ 1692 e(10) Any false representation or deceptive means to collect a debt or obtain information about a consumer**

**§ 1692 e Any other false, deceptive, or misleading representation or means in connection with the debt collection**

**§ 1692 e(2) Character, amount, or legal status of the alleged debt**

**§ 1692 e(5) Threaten to take any action that cannot legally be taken or that is not intended to be taken**

§ 1692 e(11) Communication fail to contain the mini-Miranda warning: "This is an attempt to collect a debt... communication is from a debt collector."

**Unfair Practices**
§ 1692 f Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692 f(6) Taken or threatened to unlawfully repossess or disable the consumer's property
Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs, actual damages and attorney's fees.

Dolan Connly, P.C. should have known that Bank of New York foreclosed on this property in

2007 and accelerated the mortgage in 2005 and the statue of limitation is up (Exhibit 1).

Sincerely,  Paul Jones

Paul Jones

## CREDITOR DISCLOSURE STATEMENT

Name and Address of Collector (assignee): _____

_____

Name and Address of Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor been made by any creditor or assignee regarding this account? Yes /no

Has the purported balance of this account been used in any tax deduction claim? Yes / no

Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:

_____

_____

Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.

X_____          _____
Authorized signature for Collector          Date

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

# DOLAN CONNLY

### A PROFESSIONAL CORPORATION

James W. Dolan
Gregory A. Connly*
David A. Marsocci**
Barbara D. Connly
Kathleen M. Allen

*Admitted in MA and NY*  
*Admitted in MA and NH**

**ATTORNEYS AT LAW**
50 Redfield Street, Suite 202
Boston, Massachusetts 02122
Telephone: (617) 265-3100
Telecopier: (617) 265-3101
www.dolanconnlylaw.com

Plymouth County Office:
2 Columbia Road, Suite 3
Pembroke, MA 02359
Telephone: (781) 312-7832

Via first Class and Certified Mail        7015 0640 0001 5815 3422

May 2, 2018

Mr. Paul Jones
572 Park Street
Stoughton, MA 02073

Re:     *Chapter 93A Demand Response*

Dear Mr. Paul Jones:

As you know, on our about Aril 27, 2018, I received copies of correspondence from you related to various issues, concerns or complaints you have regarding particular matters stemming from the foreclosure sale against you and the property located at 572 Park Street, Stoughton. I received "debt dispute letter" seeking validation of the debt under FDCPA. And I received a Mass General Laws Chapter 93A Demand letter with six (6) Exhibits wherein your demanded $25,000. Both were sent to me in the same Certified Mail # 7015 1520 0000 1814 3604. I have attempted to carefully review your letters and will endeavor to respond as clearly and I am able. The response hereunder is only the response to any demand we received that was addressed to this office. This is not to be construed as a response to any other Demand you may have made to any client or other party or that was not contained in Certified Mail # 7015 1520 0000 1814 3604.

It should be initially emphasized that my office hereby unequivocally denies the correctness of many, if not all, of the allegations that were contained in your correspondence, denies any wrongdoing on their behalf, denies any suggestion that they are in any way guilty of the commission of a deceptive act or practice under the provisions of Massachusetts General Laws Chapter 93A, and further denies that they are liable under any theory of liability, breach of contact, fraud, misrepresentation and the like.

Be further advised that we maintain that your letter does not comply with the provisions of M.G.L. Ch 93A and is therefore, not a proper demand letter and does not require a specific reply. The letter does not identify in detail, the alleged unfair and/or deceptive claims or practices supposedly committed by Dodge as is required by the statute. See Accord, MacKenzie v. Auto Supermart, Ind. 1988 Mass.App.Div. 5. See also Spring v. Geriatric Auth., 394 Mass.

274, 475 N.E. 2d 727 (1985). Liability under M.G.L. Ch. 93A will attach only where the facts reveal conduct that is an immoral, unethical, oppressive or unscrupulous business act or practice. See PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass 593, 596 (1975). Further, the mere alleged breach of an alleged legal obligation, without more, does not amount to an unfair or deceptive act, trade or practice. See Framingham Auto Sales, Inc. v. Workers' Credit Union, 41 Mass. App. Ct. 416 (1996).

Your "validation" letter seeks "competent evidence that I have some contractual obligation to pay you." I frankly have no idea what you are referring to. The only letter that my office has generated or sent out is the Mass. Gen. L. c. 186A Letter dated April 24, 2018. I would note this is a statutorily required Notice to be given for any Tenant in possession after a foreclosure sale. Moreover, the letter is not addressed to you by name as it was not clear to my office, whether you were still even in possession of the Premises. Now that you have responded to confirm that there are no Tenants and that you are in possession, you may disregard the Notice.

Your letter falsely claims that my office has violated seven (7) provisions of the FDCPA despite the fact, we have never sent you letter and never requested any payment from you. Oddly, the only letter you have ever received from my office states as follows:

**NO RENT IS BEING DEMANDED BY THIS NOTICE. NO RENT IS BEING SOUGHT BY THIS NOTICE. THE PRIMARY PURPOSE OF THIS NOTICE IS TO ADVISE YOU OF SOME OF YOUR RIGHTS AND TO SEEK INFORMATION ABOUT THE PROPERTY AND THE OCCUPANTS.**

I am not aware of the specific details of foreclosure or the total amount that you may still owe. And my office has never been asked to seek to communicate about these matters. In short, without any more specifics from you as to which "debt" you would like validated, I am unable to provide any further information.

Your Chapter 93A Demand letter is similarly flawed in that it presumes I, or my office, should have known various alleged facts. For example, you claim "I was served…" but the Notice is not addressed to you. You claim the "notice is only for tenants, Dolan Connly PC knew or should have know (sic) that I Paul Jones is the occupant…." You also alleged that the foreclosure of 2007 "stands and that the April 9, 2018 foreclosure was a scheme to reactivate the Massachusetts Statue (sic) of Limitation." Your letter fails to explain in any detail the specifics of what you allege is a "scheme." I was not aware of the attempted earlier foreclosure but was only aware of the April 9, 2018. As you are fully aware, my office did not conduct the foreclosure and until receipt of your letter, was unaware of any earlier foreclosure. While I do see a foreclosure deed on record on February 25, 2008, it appears that there may have been a defect in the foreclosure proceedings and the foreclosure was required to be redone. Although you reference various "pending litigation as (sic) been in the First Circuit Court of Appeals…", you have failed to provide any copies of any reference number and I am unable to confirm or deny whether there is any pending litigation.

You state that "Dolan Connly P.C. knew or should have known that the statue (sic) of limitations has ran and that sending the Notice was a violation...." As stated above, the Notice was required by law and was not addressed to you. But even if a similar Notice containing all the relevant contact information for the new owner were addressed to you, it would not violate any law. I am not able to tell what Statute of Limitations you believe is even relevant in this matter.

Your Demand Letter alleges six (6) FDCPA violations and gives citations but makes no attempt to even casually explain how any action by this office violated any provision of FDCPA (let alone six (6)). Without any more specific information, it would be impossible for me to determine whether a further more detailed response is warranted.

I also received another letter from you dated April 26, 2018 but not postmarked until April 30, 2018. The Certificate Mail No. is 7017 0660 0000 6076 2837. This later letter curiously also references "the right to collect or receive payment" but never states where, or how, my office ever made such a request. Your letter continues and references the requirement, of some, to objectionable action "without first obtaining from the commission a license...." Again, your allegations are misguided and factually inaccurate. Firstly, there is nothing contained in the letter you received that could even remotely be considered and attempt to collect a debt. You have falsely claimed my office violated Massachusetts General Laws, 209 CMR 18.00. I would encourage you to confer with the Division of Banks for clarification on this point. In 2016, the Division determined that law firms such as Dolan Connly, P.C. would not be required to be licensed as debt collectors. Since your letter contains no other allegations of any specific violations, I presume no other allegations exist.

In light of the foregoing, this office declines to make any offer to you. This response to your letter is being made without prejudice to any of the rights of this office or my client or any related parties and shall not be deemed to be or construed in any way as an admission of liability as to the allegations you have put forward.

If there are any questions or concerns, please do not hesitate to call me directly.

Very truly yours,

David A. Marsocci

DAM/cp

1105-876

**DOLAN CONNLY**
ATTORNEYS AT LAW
50 Redfield Street, Suite 202
Boston, Massachusetts 02122



neopost'
05/02/2018
US POSTAGE $000.47º

ZIP 02122
041L10246652



020724964B9 DX933

# EXIHBIT 3

FROM : PFK CONTRACTORS                    FAX NO. : 7813413287              Jan. 18 2007 05:56PM  P2

ABLITT & CHARLTON, P.C.
92 Montvale Avenue, Suite 2950
Stoneham, Massachusetts 02180
Telephone: (781) 246-8995
Fax: (781) 246-8994

BY CERTIFIED AND REGULAR MAIL

01/12/2007

Paul Jones
572 Park Street
Stoughton, MA 02072
60.0493 / Jones

### NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND OF DEFICIENCY AFTER FORECLOSURE OF MORTGAGE

You are hereby notified, in accordance with the statute, of the intention of Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, on or after February 8, 2007 at 1:00 PM, to foreclose by sale under power of sale for breach of conditions, the mortgage held by it on the property situated at 572 Park Street, Stoughton, MA 02072, said mortgage dated June 22, 2004, and recorded with the Norfolk County Registry of Deeds in Book 22224, Page 219, said mortgage given to secure a note signed by you, for the whole or part of which you may, if permitted by law, be liable Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7 in case of a deficiency in the proceeds of the foreclosure sale.

Very truly yours,
By its attorney

Deirdre Cavanaugh, Esq.
CERTIFIED MAIL NO. 70062150000546686349
RETURN RECEIPT REQUESTED

ABLITT & CHARLTON, P.C.
92 Montvale Avenue, Suite 2950
Stoneham, Massachusetts 02180
Telephone: (781) 246-8995
Fax: (781) 246-8994

**BY REGULAR AND CERTIFIED MAIL**

01/12/2007

Paul Jones
572 Park Street
Stoughton. MA 02072
60.0493 / Jones

### NOTICE OF MORTGAGE FORECLOSURE SALE

Re:      Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed
Certificates, Series 2004-7/ Paul Jones
Property Address: 572 Park Street, Stoughton, MA

Dear Paul Jones:

Pursuant to M.G.L. c. 244 sec. 14, as amended, enclosed is a copy of the Notice of Mortgagee's
Sale of Real Estate.

This notice is provided to you because an examination of the record title shows that you held an
interest of record in the property thirty (30) days prior to the sale.

Our experience has shown us that you are likely to benefit if you allow qualified bidders at the
foreclosure sale to enter and inspect the premises. This may result in a higher purchase price.

If you are willing to allow qualified bidders to enter and inspect the premises, please be present at the
time of the foreclosure sale.

Very truly yours,

Present holder of mortgage
By its Attorney,

Deirdre Cavanaugh, Esq.
60.0493 / Jones
CERTIFIED MAIL NO. 70082150000546686349
RETURN RECEIPT REQUESTED

## NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Paul Jones to MERS, as nominee for Optima Mortgage Corporation, dated June 22, 2004 and recorded with the Norfolk County Registry of Deeds at Book 22224, Page 219, of which mortgage Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7 is the present holder, for breach of the conditions of said mortgage and for the purpose of foreclosing, the same will be sold at Public Auction at 1:00 PM on February 8, 2007, on the mortgaged premises located at 572 Park Street, Stoughton, MA 02072, all and singular the premises described in said mortgage,

TO WIT:

THE LAND IN STOUGHTON WITH THE BUILDINGS THEREON, ON THE NORTHEASTERLY SIDE OF PARK STREET, AND BOUNDED:

BEGINNING ON PARK STREET AT A POINT SEVENTY-FIVE (75) FEET NORTHERLY FROM LAND NOW OR LATE OF OLD COLONY RAILROAD COMPANY, NOW OR FORMERLY OCCUPIED BY THE STOUGHTON LUMBER COMPANY; THENCE RUNNING NORTHEASTERLY BY LAND NOW OR FORMERLY OF AUGUST O. LINDELOF AND EMMA J. LINDELOF BY A LINE PARALLEL WITH AND SEVENTY-FIVE (75) FEET DISTANCE FROM SAID RAILROAD LAND ONE HUNDRED AND FIFTY (150) FEET TO A CORNER; THENCE RUNNING NORTHERLY BY SAID AUGUST O. LINDELOF AND EMMA J. LINDELOF LAND BY A LINE PARALLEL WITH PARK STREET ONE HUNDRED AND TEN FEET TO A CORNER; THENCE RUNNING SOUTHWESTERLY BY LAND NOW OR FORMERLY OF SAID AUGUST O. LINDELOF AND EMMA J. LINDELOF BY A LINE PARALLEL WITH THE FIRST COURSE ONE HUNDRED AND FIFTY (150) FEET TO PARK STREET; THENCE SOUTHERLY BY PARK STREET ONE HUNDRED AND TEN (110) FEET TO POINT OF BEGINNING.

ALSO:

A CERTAIN PARCEL OF LAND SITUATE IN SAID STOUGHTON, MASS., AND BEING LOT 3 AS SHOWN ON A PLAN ENTITLED "PLAN OF LAND IN STOUGHTON, MASS.", DATED JANUARY 18, 1968, DULY RECORDED. CONTAINING ACCORDING TO SAID PLAN 7,891 SQUARE FEET.

ALSO:

A CERTAIN PARCEL OF LAND SITUATED ON THE NORTHEASTERLY SIDE OF PARK STREET IN SAID STOUGHTON, MASSACHUSETTS AND BEING DESCRIBED AS FOLLOWS:

BEGINNING AT A STAKE ON THE SOUTHERLY CORNER OF LAND OF "RUTH E. CURTIS" AND BEING SHOWN ON A PLAN ENTITLED "PLAN OF LAND IN STOUGHTON, MASS." DATED JANUARY 18, 1968 AND RECORDED WITH NORFOLK DEEDS, BOOK 4490, PAGE 69, THENCE RUNNING BY PARK STREET AS SHOWN ON SAID PLAN, S 40 DEGREES 54 MINUTES 11 SECONDS E, 75 FEET TO A STAKE:

THENCE TURNING AND RUNNING N 46 DEGREES 19 MINUTES 29 SECONDS E 220 FEET TO A POINT;

THENCE TURNING AT AN APPROXIMATE RIGHT ANGLE AND RUNNING NORTHWESTERLY A DISTANCE OF 75 FEET, MORE OR LESS, TO A POINT AT THE NORTHEASTERLY CORNER OF DISTANCE 75 FEET, MORE OR LESS, TO A POINT AT THE NORTHEASTERLY CORNER OF LOT 3 SHOWN ON SAID PLAN, SAID POINT BEING DESIGNATED ON SAID PLAN AS "C.B. TO BE SET.";

THENCE TURNING AND RUNNING BY LOT 3 AND LAND OF "RUTH E. CURTIS" AS SHOWN ON SAID PLAN, S 46 DEGREES 19 MINUTES 29 SECONDS W., 220 FEET TO THE POINT OF BEGINNING.

For mortgagors title see deed recorded with Norfolk County Registry of Deeds Book 16766, Page 1

These premises will be sold and conveyed subject to and with the benefit of all rights, rights of way, restrictions, easements, right of ways, covenants, liens or claims in the nature of liens, improvements, public assessments, any and all unpaid taxes, tax titles, tax liens, water and sewer liens and any other municipal assessments or liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such restrictions, easements, improvements, liens or encumbrances is made in the deed.

TERMS OF SALE:

A deposit of TEN THOUSAND ($10,000.00) DOLLARS by certified or bank check will be required to be paid by the purchaser at the time and place of sale. The balance is to be paid by certified or bank check at Ablitt & Charlton, P.C., 92 Montvale Avenue, Suite 2950, Stoneham, MA 02180, other terms and conditions will be provided at the place of sale. The description of the premises contained in said mortgage shall control in the event of an error in this publication.

OTHER TERMS, IF ANY, TO BE ANNOUNCED AT THE SALE.

Present holder of said mortgage

By its Attorneys,

Deirdre Cavanaugh, Esq.
Ablitt & Charlton, P.C.
92 Montvale Avenue, Suite 2950
Stoneham, MA 02180
(781) 246-8995

Dated: 01/12/2007

60.0493 / Jones

Bk 25529 Pg360 #16186
02-25-2008 & 11:25a

## MASSACHUSETTS FORECLOSURE DEED BY CORPORATION

**Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7**, a corporation duly established under the laws of the United States and having its usual place of business at 7105 Corporate Drive, Plano, TX 75024, current holder of a mortgage from Paul Jones, to Mortgage Electronic Registrations Systems, Inc., as nominee for Optima Mortgage Corporation, dated June 22, 2004, and recorded with the Norfolk County () Registry of Deeds at Book 22224, Page, 219, by the power conferred by said mortgage and every other power, for Two Hundred Thirty Four Thousand Dollars and 00/100 ($234,000.00) paid, grants to **Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7**, 7105 Corporate Drive, Plano, TX 75024, the premises conveyed by said mortgage subject to all outstanding tax titles, municipal, or other public taxes, assessments or liens, if any. The transfer of the within named real estate does not constitute all or substantially all of the assets of the grantor in Massachusetts.

**WITNESS** the execution and the corporate seal of said corporation this ____ day of __JAN 1 0 2008__

Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7

By: _____
M. KELLY MICHIE, 1ST VICE PRESIDENT
Vice President

**The State of TEXAS**

County __COLLIN__ ,ss                    JAN 1 0 2008

Then personally appeared the above-named ___M. KELLY MICHIE, 1ST VICE PRESIDENT___, Vice President of Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, acknowledged the foregoing instrument to be the free act and deed of Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, before me.

_____ , Notary Public

My commission expires: _____

BERNADETTE G HUGHES
My Commission Expires
February 28, 2011

Property Address: 572 Park Street, Stoughton, MA 02072

CHAPTER 183 SEC. 6 AS AMENDED BY CHAPTER 497 OF 1969

Every deed presented for record shall contain or have endorsed upon it the full name, residence and post office address of the grantee and a recital of the amount of the full consideration thereof in dollars or the nature of the other consideration therefor. If not delivered for a specific monetary sum. The full consideration shall mean the total price for the conveyance without deduction for any liens or encumbrances assumed by the grantee or remaining thereon. All such endorsements and recitals shall be recorded as part of the deed. Failure to comply with this section shall not affect the validity of any deed. No register of deeds shall accept a deed for recording unless it is in compliance with the requirements of this section.

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
WILLIAM R. O'DONNELL, REGISTER

3

**AFFIDAVIT**

I, _____ **CARL MILLER** _____, Vice President of Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, 7105 Corporate Drive, Plano, TX 75024, make under oath and say that the principal and interest obligation mentioned in the mortgage referenced in the Foreclosure Deed recorded herewith were not paid or tendered or performed when due or prior to the sale, and that Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, caused to be published on October 05, 2007, October 12, 2007, and October 19, 2007, in the Stoughton Journal, a newspaper published or by its title page purporting to be published in Stoughton, MA, and having a circulation in Stoughton, MA, a notice of which the following is a true copy, (See attached Exhibit A)

I also complied with Chapter 244, Section 14 of the Massachusetts General Laws, as amended, by mailing the required notices certified mail, return receipt requested.

Pursuant to said notice at the time and place therein appointed, the sale was postponed by public proclamation to December 03, 2007 at 12:00 P.M., upon the mortgaged premises, at which time and place, Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, sold the mortgaged premises at public auction by James Mahoney, a duly licensed auctioneer, to Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, 7105 Corporate Drive, Plano, TX 75024 for Two Hundred Thirty Four Thousand Dollars and 00/100 ($234,000.00) bid by Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, 7105 Corporate Drive, Plano, TX 75024, being the highest bid made therefore at said auction.

Bank of New York as Trustee for the
Certificate Holders, CWABS, Inc., Asset-
Backed Certificates, Series 2004-7

By: _____
Vice President CARL MILLER – ASSISTANT VICE PRESIDENT

The State of **TEXAS**

County __**COLLIN**__ .ss                                    JAN 07 2008

Then personally appeared the above-named _____ **CARL MILLER** _____
Vice President of Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, acknowledged the foregoing instrument to be the free act and deed of Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, before me.

KATHY REPKA
My Commission Expires
November 14, 2010

_____
Notary Public

My commission expires: __11·14·2010__

**EXHIBIT "A"**

Legal Notices

**572 PARK STREET**

**LEGAL NOTICE**
**OF**
**MORTGAGEE'S SALE OF REAL ESTATE**

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Paul Jones to MERS, as nominee for Optima Mortgage Corporation, dated June 22, 2004 and recorded with the Norfolk County Registry of Deeds at Book 22224, Page 219, of which mortgage Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7 is the present holder, for breach of the conditions of said mortgage and for the purpose of foreclosing, the same will be sold at Public Auction at 01:00 PM on October 31, 2007, on the mortgaged premises located at 572 Park Street, Stoughton, MA 02072, all and singular the premises described in said mortgage, TO WIT:

The land in Stoughton with the buildings thereon, on the Northeasterly side of Park Street, and bounded: Beginning on Park Street at a point seventy-five (75) feet Northerly from land now or late of Old Colony Railroad Company, now or formerly occupied by the Stoughton Lumber Company; thence running Northeasterly by land now or formerly of August O. Lindelof and Emma J. Lindelof by a line parallel with and seventy-five (75) feet distance from said railroad land one hundred and fifty (150) feet to a corner; thence running Northerly by said August O. Lindelof and Emma J. Lindelof land by a line parallel with Park Street one hundred and ten feet to a corner; thence running Southwesterly by land now or formerly of said August O. Lindelof and Emma J. Lindelof by a line parallel with the first course one hundred and fifty (150) feet to Park Street; thence Southerly by Park Street one hundred and ten (110) feet to point of beginning. Also: A certain parcel of land situate in said Stoughton, Mass., and being Lot 3 as shown on a plan entitled "Plan of land in Stoughton, Mass.", dated January 18, 1968, Duly recorded. Containing according to said plan 7,691 square feet. Also: A certain parcel of land situated on the Northeasterly side of Park Street in said Stoughton, Massachusetts and being described as follows: Beginning at a stake on the Southerly corner of land of "Ruth R. Curtis" and being shown on a plan entitled "Plan of Land in Stoughton, Mass." dated January 18, 1968 and recorded with Norfolk Deeds, Book 4490, Page 69, thence running by Park Street as shown on said plan, S 40 degrees 54 minutes 11 seconds E, 75 feet to a stake; thence turning and running N 46 degrees 19 minutes 29 seconds E 220 feet to a point; thence turning at an approximate right angle and running Northwesterly a distance of 75 feet, more or less, to a point at the northeasterly corner of distance 75 feet, more or less, to a point at the Northeasterly corner of Lot 3 shown on said plan, said point being designated on said plan as "C.B. to Be Set."; thence turning and running by Lot 3 and land of "Ruth R. Curtis" as shown on said plan, S 46 degrees 19 minutes 29 seconds W, 220 feet to the point of beginning. For mortgagor's title see deed recorded with Norfolk County Registry of Deeds Book 16766, Page 1.

These premises will be sold and conveyed subject to and with the benefit of all rights, rights of way, restrictions, easements, right of ways, covenants, liens or claims in the nature of liens, improvements, public assessments, any and all unpaid taxes, tax titles, tax liens, water and sewer liens and any other municipal assessments or liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such restrictions, easements, improvements, liens, or encumbrances is made in the deed. TERMS OF SALE: A deposit of TEN THOUSAND ($10,000.00) DOLLARS by certified or bank check will be required to be paid by the purchaser at the time and place of sale. The balance is to be paid by certified or bank check at ABLITT & CHARLTON, P.C., 92 Montvale Avenue, Suite 2950, Stoneham, MA 02180, other terms and conditions will be provided at the place of sale. The description of the premises contained in said mortgage shall control in the event of an error in this publication. OTHER TERMS, IF ANY, TO BE ANNOUNCED AT THE SALE.

Present holder of said mortgage, Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, By its Attorneys, James L. Rogal, Esq., ABLITT & CHARLTON, P.C., 92 Montvale Avenue, Suite 2950, Stoneham, MA 02180, (781) 246-8995, Dated: 09/26/2007 (60.0493/Jones) (10/05/07, 10/12/07, 10/19/07)(93650)

AD#11472538
Stoughton Journal
10/05, 10/12, 10/19/07

A true copy from Lib 25509 Fol 360
in Norfolk County Registry of Deeds
Dedham, MA
Certify  *[signature]* P O'Donnell
Register

# ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that MERS, as nominee for Optima Mortgage Corporation, which is organized and existing under the laws of United States of America

FOR VALUE RECEIVED, hereby grants, assigns and transfers to

Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, located in  Simi Valley, CA 93065

All of the right, title, interest of said that MERS, as nominee for Optima Mortgage Corporation in and to and under that certain Mortgage dated June 22, 2004, executed by Paul Jones and recorded with Norfolk County () Registry of Deeds at Book 22224, Page 219, describing the land therein as 572 Park Street, Stoughton, MA 02072, and further described in the Exhibit "A" attached hereto and made a part hereof;

TOGETHER with the Note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage.

IN WITNESS WHEREOF, MERS, as nominee for Optima Mortgage Corporation has caused these presents to be signed by its duly authorized officer and its corporate seal to be hereunto affixed, this _____ day of _____, 2006

IN THE PRESENCE OF:                    MERS, as nominee for Optima Mortgage Corporation


MELISSA FLANAGAN                       AMANDA FARRAR, ASSISTANT VICE PRESIDENT


STATE OF **TEXAS**
County of **COLLIN**

On 11/20/06 _____ before me, Amanda Farrar _____ personally appeared
AMANDA FARRAR, ASSISTANT VICE PRESIDENT                personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.


NOTARY PUBLIC SIGNATURE

KRISTA L. EDWARDS
MY COMMISSION EXPIRES
April 20, 2009

NOTARY PUBLIC SEAL

LcP-11-9/05

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that MERS, as nominee for Optima Mortgage Corporation, which is organized and existing under the laws of United States of America

FOR VALUE RECEIVED, hereby grants, assigns and transfers to

Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, located in Simi Valley, CA 93065

All of the right, title, interest of said that MERS, as nominee for Optima Mortgage Corporation in and to and under that certain Mortgage dated June 22, 2004, executed by Paul Jones and recorded with Norfolk County () Registry of Deeds at Book 22224, Page 219, describing the land therein as 572 Park Street, Stoughton, MA 02072, and further described in the Exhibit "A" attached hereto and made a part hereof;

TOGETHER with the Note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage.

IN WITNESS WHEREOF, MERS, as nominee for Optima Mortgage Corporation has caused these presents to be signed by its duly authorized officer and its corporate seal to be hereunto affixed, this 10th day of October, 2006.

IN THE PRESENCE OF:                    MERS, as nominee for Optima Mortgage Corporation

_Paula Meyer_                          _Tiffany Skalife, Asst. Secretary_

STATE OF Texas
County of Collin

On 01-25-2008 before me, Tiffany Skalife _____ personally appeared
_____ personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.

_NOTARY PUBLIC SIGNATURE_

SANDRA J ROBINSON
My Commission Expires
March 15, 2011
NOTARY PUBLIC SEAL

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
_William P O'Donnell_
WILLIAM P. O'DONNELL, REGISTER

2f

## CERTIFICATE OF ENTRY

We hereby certify that on the December 3, 2007, we were present and saw _____ John O'HARA

_____, attorney-in-fact and agent for Bank of New York as Trustee for the Certificate Holders, CWABS,

Inc., Asset-Backed Certificates, Series 2004-7 (see Power of Attorney to be recorded herewith.)


the present holder of a certain mortgage given by **Paul Jones**

to **MERS, as nominee for Optima Mortgage Corporation,** Its successors and assigns as their interest may
appear

dated June 22, 2004, and recorded with the **Norfolk** Registry of Deeds at Book 22224, Page 219, make an open,
peaceable and unopposed entry on the premises 572 Park Street in Stoughton, Massachusetts, described in said
mortgage, for the purpose, by him/her declared, of foreclosing said mortgage for breach of conditions thereof.

_____ , Witness

_____ , Witness

Reggie Morgan

### THE COMMONWEALTH OF MASSACHUSETTS

(Norfolk), ss.                                                                                      December 3, 2007

Then personally appeared the above named   Vance M. Lowenelino

And Reggie Morgan

and made oath that the above certificate by them subscribed is true, before me

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
William P O'Donnell
WILLIAM P. O'DONNELL, REGISTER

_____ , Notary Public

My Commission expires:

EUDISIS WOOD
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires Sept. 26, 2013

P/A BOOK · 25524 PG. 358

23

Bk 25529 Pg360 #16186
02-25-2008 & 11:25a

## MASSACHUSETTS FORECLOSURE DEED BY CORPORATION

Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, a corporation duly established under the laws of the United States and having its usual place of business at 7105 Corporate Drive, Plano, TX 75024, current holder of a mortgage from Paul Jones, to Mortgage Electronic Registrations Systems, Inc., as nominee for Optima Mortgage Corporation, dated June 22, 2004, and recorded with the Norfolk County () Registry of Deeds at Book 22224, Page, 219, by the power conferred by said mortgage and every other power, for Two Hundred Thirty Four Thousand Dollars and 00/100 ($234,000.00) paid, grants to Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, 7105 Corporate Drive, Plano, TX 75024, the premises conveyed by said mortgage subject to all outstanding tax titles, municipal, or other public taxes, assessments or liens, if any. The transfer of the within named real estate does not constitute all or substantially all of the assets of the grantor in Massachusetts.

WITNESS    the    execution    and    the    corporate    seal    of    said    corporation    this _____
day of ___JAN 1 0 2008

Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7

By: _____
M KELLY MICHIE   1ST VICE PRESIDENT
Vice President

The State of    TEXAS

County ___COLLIN_____,ss                              JAN 1 0 2008

Then personally appeared the above-named ___M. KELLY MICHIE, 1ST VICE PRESIDENT___,
Vice President of Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, acknowledged the foregoing instrument to be the free act and deed of Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, before me.

_____, Notary Public

My commission expires: _____

BERNADETTE G HUGHES
My Commission Expires
February 28, 2011

*Property Address: 572 Park Street, Stoughton, MA 02072*

CANCELLED
FEB ___ 2008

CHAPTER 183 SEC. 6 AS AMENDED BY CHAPTER 497 OF 1969

Every deed presented for record shall contain or have endorsed upon it the full name, residence and post office address of the grantee and a recital of the amount of the full consideration thereof in dollars or the nature of the other consideration therefor, if not delivered for a specific monetary sum. The full consideration shall mean the total price for the conveyance without deduction for any liens or encumbrances assumed by the grantee or remaining thereon. All such endorsements and recitals shall be recorded as part of the deed. Failure to comply with this section shall not affect the validity of any deed. No register of deeds shall accept a deed for recording unless it is in compliance with the requirements of this section.

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
William P O'Donnell
WILLIAM R O'DONNELL, REGISTER

3

Bk 25529  Pg 361  #16186

**AFFIDAVIT**

I, _____ CARL MILLER _____, Vice President of Bank of New York as Trustee for

the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, 7105

Corporate Drive, Plano, TX 75024, make under oath and say that the principal and interest

obligation mentioned in the mortgage referenced in the Foreclosure Deed recorded herewith were

not paid or tendered or performed when due or prior to the sale, and that Bank of New York as

Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7,

caused to be published on October 05, 2007, Octoberr 12, 2007, and October 19, 2007, in the

Stoughton Journal, a newspaper published or by its title page purporting to be published in

Stoughton, MA, and having a circulation in Stoughton, MA, a notice of which the following is a true

copy, (See attached Exhibit A)

I also complied with Chapter 244, Section 14 of the Massachusetts General Laws, as amended,

by mailing the required notices certified mail, return receipt requested.

Pursuant to said notice at the time and place therein appointed, the sale was postponed by public
proclamation to December 03, 2007 at 12:00 P.M., upon the mortgaged premises, at which
time and place, Bank of New York as Trustee for the Certificate Holders, CWABS, Inc.,
Asset-Backed Certificates, Series 2004-7, sold the mortgaged premises at public auction by
James Mahoney, a duly licensed auctioneer, of Liberty Auctions, to Bank of New York as
Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7,
7105 Corporate Drive, Plano, TX 75024 for Two Hundred Thirty Four Thousand Dollars and
00/100 ($234,000.00) bid by Bank of New York as Trustee for the Certificate Holders,
CWABS, Inc., Asset-Backed Certificates, Series 2004-7, 7105 Corporate Drive, Plano, TX
75024, being the highest bid made therefore at said auction.

Bank of New York as Trustee for the
Certificate Holders, CWABS, Inc., Asset-
Backed Certificates, Series 2004-7

By: _____
Vice President  CARL MILLER – ASSISTANT VICE PRESIDENT

The State of **TEXAS**

County __COLLIN__ .ss                        JAN 07 2008

Then personally appeared the above-named _____ CARL MILLER  Asst.
Vice President of Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-
Backed Certificates, Series 2004-7, acknowledged the foregoing instrument to be the free act and
deed of Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed
Certificates, Series 2004-7, before me.

KATHY REPKA
My Commission Expires
November 14, 2010

_____
Notary Public

My commission expires: __11·14·2010__

## EXHIBIT "A"

**Legal Notices**

572 PARK STREET

**LEGAL NOTICE**
**OF**
**MORTGAGEE'S SALE OF REAL ESTATE**

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Paul Jones to MERS, as nominee for Optima Mortgage Corporation, dated June 22, 2004 and recorded with the Norfolk County Registry of Deeds at Book 22224, Page 219, of which mortgage Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7 is the present holder, for breach of the conditions of said mortgage and for the purpose of foreclosing, the same will be sold at Public Auction at 01:00 PM on October 31, 2007, on the mortgaged premises located at 572 Park Street, Stoughton, MA 02072, all and singular the premises described in said mortgage, TO WIT:
The land in Stoughton with the buildings thereon, on the Northeasterly side of Park Street, and bounded: Beginning on Park Street at a point seventy-five (75) feet Northerly from land now or late of Old Colony Railroad Company, now or formerly occupied by the Stoughton Lumber Company; thence running Northeasterly by land now or formerly of August O. Lindelof and Emma J. Lindelof by a line parallel with and seventy-five (75) feet distance from said railroad land one hundred and fifty (150) feet to a corner; thence running Northerly by said August O. Lindelof and Emma J. Lindelof land by a line parallel with Park Street one hundred and ten feet to a corner; thence running Southwesterly by land now or formerly of said August O. Lindelof and Emma J. Lindelof by a line parallel with the first course one hundred and fifty (150) feet to Park Street; thence Southerly by Park Street one hundred and ten (110) feet to point of beginning. Also: A certain parcel of land situate in said Stoughton, Mass., and being Lot 3 as shown on a plan entitled "Plan of land in Stoughton, Mass.", dated January 18, 1968, Duly recorded. Containing according to said plan 7,691 square feet. Also: A certain parcel of land situated on the Northeasterly side of Park Street in said Stoughton, Massachusetts and being described as follows: Beginning at a stake on the Southerly corner of land of "Ruth R. Curtis" and being shown on a plan entitled "Plan of Land in Stoughton, Mass." dated January 18, 1968 and recorded with Norfolk Deeds, Book 4490, Page 69, thence running by Park Street as shown on said plan, S 40 degrees 54 minutes 11 seconds E, 75 feet to a stake; thence turning and running N 46 degrees 19 minutes 29 seconds E 220 feet to a point; thence turning at an approximate right angle and running Northwesterly a distance of 75 feet, more or less, to a point at the northeasterly corner of distance 75 feet, more or less, to a point at the Northeasterly corner of Lot 3 shown on said plan, said point being designated on said plan as "C.B. to Be Set."; thence turning and running by Lot 3 and land of "Ruth R. Curtis" as shown on said plan, S 46 degrees 19 minutes 29 seconds W, 220 feet to the point of beginning. For mortgagor's title see deed recorded with Norfolk County Registry of Deeds Book 16766, Page 1.

These premises will be sold and conveyed subject to and with the benefit of all rights, rights of way, restrictions, easements, right of ways, covenants, liens or claims in the nature of liens, improvements, public assessments, any and all unpaid taxes, tax titles, tax liens, water and sewer liens and any other municipal assessments or liens or existing encumbrances of record which are in force and are applicable, having priority over said mortgage, whether or not reference to such restrictions, easements, improvements, liens, or encumbrances is made in the deed. TERMS OF SALE: A deposit of TEN THOUSAND ($10,000.00) DOLLARS by certified or bank check will be required to be paid by the purchaser at the time and place of sale. The balance is to be paid by certified or bank check at ABLITT & CHARLTON, P.C., 92 Montvale Avenue, Suite 2950, Stoneham, MA 02180, other terms and conditions will be provided at the place of sale. The description of the premises contained in said mortgage shall control in the event of an error in this publication. OTHER TERMS, IF ANY, TO BE ANNOUNCED AT THE SALE.
Present holder of said mortgage, Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7, By its Attorneys, James L. Rogal, Esq., Esq., ABLITT & CHARLTON, P.C., 92 Montvale Avenue, Suite 2950, Stoneham, MA 02180, (781) 246-8995, Dated: 09/26/2007 (60.0493/Jones)
(10/05/07, 10/12/07, 10/19/07)(93650)

AD#11472538
Stoughton Journal
10/05, 10/12, 10/19/07

A true copy from Lib 25509 Fol 360
in Norfolk County Registry of Deeds
Dedham, MA
Certify   Mollie P O'Donnell
Register

# EXIHBIT 4



# ᵗʰᵉ TAPE TRANSCRIPTION CENTER
### A Division of THE SKILL BUREAU

## CERTIFICATE

I, Julia Suggs, do hereby certify the following 34 pages to be a
true and accurate transcription.  Prepared under my direction in
the Tape Transcription Center to the best of our abilities, the
document comprises a tape provided to us by Mr. Paul Jones.  The
tape is labeled "Bank of New York v. Paul Jones" and consists of
three hearings in the Stoughton District Court in the case of
Bank of New York v. Paul Jones on March 13, 2008, July 31, 2008,
and August 11, 2008, under docket numbers **2008SU17, 2008SU118,
and 2008SU48.**

_____10/17/2008_____
Date

_____Julia Suggs_____
Julia Suggs
Tape Transcription Center

129 Tremont Street · Boston, MA 02108
**Tel:** 617 423 2151  **Fax:** 617 423 9183
www.ttctranscriptions.com
The fastest turnaround time in New England since 1966.

1   _:   And we have Bank of New York versus Paul Jones.

2   _:   Good morning, Your Honor.

3   J:   Good morning.

4   CULLEN:   Good morning, Your Honor.   John F. Cullen for the

5        defendant.

6   J:   I'm sorry.  What's your name again, Counsel.

7   CULLEN:   Cullen.  C-U-L-L-E-N, John F.

8   J:   All right.

9   CULLEN:   Your Honor, I've spoken with counsel outside and I'm

10       making a motion to dismiss the case on several grounds

11       (inaudible).  My brother was not given by his client my

12       answer or the case law.  This is the second time this case

13       has been here in 90 days.  The first time --

14  J:   Excuse me.

15  CULLEN:   -- the case was dismissed by the cou -- by the court.

16       Excuse me.  You all set?

17  J:   Um-hmm.

18  CULLEN:   OK.

19  J:   Yes.

20  CULLEN:   It was dismissed by the court and the court allowed

21       counsel for the -- for the plaintiff at that point of time

22       to withdraw his appearance to avoid sanctions because of a

23       failure to follow the Rules of Civil Procedure in the

24       following case and not properly recording the -- the

1        foreclosure deed. Now, in this case, we're in it the

2        second time, yet the statute 18 -- Mass General Laws

3        Chapter 181(6), the 14-day notice to quit was never served

4        in this case. Secondly, on February 9th, and as my answer

5        indicates, the plaintiff served on the defendant the

6        complaint for eviction. On the 25th of February, the

7        plaintiff then recorded a foreclosure deed. OK. This is

8        seven months after the foreclosure sale. Now, between the

9        19th and the 25th, the defendant had no opportunity to

10       respond or to ask questions as to why he was being sued

11       because the plaintiff had to file with the court. They

12       didn't file the complaint with the court until March 3rd.

13       Between March 19th and March 3rd, there was no --

14   J:  You mean February 19th?

15   CULLEN:   February 19th to March 3rd.

16   J:  19th to March 3rd?

17   CULLEN:   Yes.

18   J:  OK.

19   CULLEN:   So there's no complaint. So on those grounds, it has

20       to be dismissed as a matter of law under Rule 11 and 12 of

21       Massachusetts Rules of Procedure -- Civil Procedure. They

22       once again failed to comply with the rules. They've been

23       warned the last time by this court, if they failed to

24       follow the rules, common law sanctions would be sanctioned

1       against them for their conduct of not following the rules

2       and not protecting the interest of the defendant and the

3       due process right.

4   J:  Counsel?

5   M1: If Your Honor please, I'm -- I was not aware of all these

6       facts until counsel (inaudible) paper.  I was covering the

7       matter with outside counsel.  It is -- it is --

8   J:  And you're not happy that you're doing it right now?

9   M1: No, not at all, Your Honor.  I've represented these --

10      this firm before and this is the first time I've been in a

11      situation like this, in all honest, Your Honor.  This

12      appears to rise out of a foreclosure action, as far as I

13      know, as far as you and I can see.  And that's based on --

14      I'm not going to object to my brother's dismissal.

15  J:  OK.

16  M1: Obviously on the basis of what he filed or obviously want

17      the office to have -- get these copies, which they may

18      have, I'm not sure, and have a chance to review it and

19      deal with it at their end.

20  CULLEN:  Your Honor, this -- this was marked down for a trial

21      by the court for a particular reason.  That it involved a

22      (inaudible) complaint, they would mark it down for trial.

23      But the reason is that there are no witnesses.  They're

24      unable to show that in fact they are the holder of a

1       (inaudible) mortgage.  This came up the first time and

2       that's why the counsel who was representing the moving

3       party at that time withdrew.  They have no evidence

4       whatsoever.  Not one scintilla of evidence that, in fact,

5       that they own the mortgage and there was a rightful

6       foreclosure sale.  But putting that aside, the is -- the

7       (inaudible) complaint has to be dismissed as a matter of

8       law.  The question is whether the court will -- as the

9       court suggested before, impose certain conditions if a

10      second complaint or a third complaint is filed.  In other

11      words, case law from the court of appeals going way back

12      to 1919, with reference to the subsequent case...

13  J:  So I've never seen one like this where the --

14  CULLEN:  Well, it's interesting.  I talked with the clerk's

15      office because I was going to call them as a witness if we

16      went to trial, OK.  And the clerk's office tells me the

17      consistent policy with this clerk's office is that the

18      moving party types out the complaint, OK, and then comes

19      in, files it on the date that they decided, OK.  So that

20      then the ten-day period begins to commence.  No one has

21      ever seen a complaint where the defendant in this case has

22      been served prior to filing his complaint.

23  J:  Right.  And that's what -- that's what's really unusual

24      about it.

 1   CULLEN:   Well, I think -- I think, Your Honor, to -- to
 2       explain it, there have been a series of missteps by this
 3       firm all the way through this case, including the
 4       foreclosure.  Now, this is a -- now, this is another one
 5       that (inaudible) this plaintiff and they can't proceed
 6       because they don't have the mortgage.  They -- they've
 7       alleged at the beginning, when the court asked them,
 8       "Where's the mortgage?" "I don't know.  We don't have it."
 9       Well, you can't proceed with a foreclosure action -- and I
10       -- I told them at the foreclosure sale that they had no
11       right to move.  That's a separate action, a distinct civil
12       procedure action against the New York Bank and the law
13       firm.  The only thing that's before it is the eviction.
14       Now, the question that I raise is the question of whether
15       the court will impose common law sanctions based on the
16       fact that this is -- this is absolutely outrageous conduct
17       to come into a court, file a complaint, and then secondly
18       not explain to the court...  It's actually, as you know,
19       there's a mandatory (inaudible) to the court.  This is a
20       false statement to the judicial panel, which is in fact a
21       misdemeanor.  And also with sanctionable -- sanctionable
22       under the bar -- BBO.  In -- unfortunately, my brother is
23       in front of the situate -- what they do is they find some
24       attorney that they call on the phone who knows nothing

Bank of New York v Paul Jones, 3/13/2008                    PAGE 6

Stoughton District Court, Docket #200855SU17

1      about the case, the second time, and they say that I'm

2      here only (inaudible).

3  J:  Do you have a written motion, Counsel, for a motion to

4      dismiss?

5  CULLEN:  I -- I don't.

6  J:  Or just the answer here?

7  CULLEN:  I have the answer.  I can turn the caption of the --

8      of the answer into a motion to dismiss based on the facts

9      contained in the answer.

10 J:  Well -- no.  You ask here in the -- where the defendant

11     pays that the judgment of dismissal be entered.

12 CULLEN:  That's right.  I -- I left it in the end.  Yeah.

13 J:  Yeah.  All right.  Matter will be dismissed.

14 CULLEN:  The question is whether the court will consider

15     dismissing with prejudice (inaudible).

16 J.  Well, that's what I want -- I want to read over all the --

17     the paperwork for this.  Definitely going to be dismissed.

18     If you give me a moment, I just want to read your answer

19     thoroughly.

20 CULLEN:  Thank you.

21 J:  Give me one moment.  You also rely on the 14-day notice

22     from back in December.

23 CULLEN:  Yeah.  They can't do it --

24 J:  You can't do that.

1  CULLEN:   (inaudible) can't do it in the other case.   The

2        Appeals Court has clearly indicated -- we're -- if there

3        was a second -- if two cases were pending, then there were

4        changed circumstances.   The Court of Appeals says under

5        the changed circumstances rule, you still have to commence

6        your 181(6) procedure regardless of what's happened in the

7        past.

8  J:   Um-hmm.   The motion will be allowed.   Let's see.   Madame

9        Clerk, do we have the form for motions as opposed to

10        findings?

11  CLERK:   We have a motion form that the judge (inaudible).   I

12        mean --

13  J:   No, the --

14  CLERK:   No.

15  J:   You had -- I had one in the other one.   It was -- this is

16        the finding of the court with regard to the trial, which

17        we have not had.

18  CLERK:   Right.

19  J:   But I want --

20  CLERK:   Because of these motions (inaudible).

21  CULLEN:   (inaudible) interesting question that you raise.   Is

22        a question -- it was marked down for trial.

23  J:   I know.

1  CULLEN:    And therefore, they -- the plaintiff -- the moving
2       party presented no witnesses, has no evidence at all, so
3       the -- there is two compounding factors.  It was whether,
4       in fact, this complaint should be dismissed or judgment
5       should be rendered for the defendant.
6  J:    Oh, that's a very interesting question, because it is
7       marked for trial.  I have a findings sheet here.  I have a
8       complaint before me.  We can call the case for trial.  I
9       don't know if counsel -- what counsel wishes to do.  But I
10       think we're putting counsel in an awkward position.
11  M1:   If Your Honor pleases, the only documentation that I have
12       other than some copies of the complaint is a copy of the
13       foreclosure deed.  And then -- I do not have the recording
14       information on it.  (inaudible) ascertainable and the only
15       comment I could make on that is that the title can't rest
16       in limbo.  When a foreclosure sale is held, the title does
17       pass at that point in time.  With all due respect to my
18       brother, I think there's -- in terms of the (inaudible) of
19       foreclosure, I think it has to be done at that time, not
20       after the fact.  But that's the only documentation I have
21       that -- at least to that end of it.  I can't speak as to
22       the eviction itself.
23  CULLEN:    Your Honor, that's not a relevant issue with
24       (inaudible).  In fact, the legislature's already dealt

1      with that issue and I'm not going to get into it.  The

2      question is it was a trial set by the court.  He has no

3      evidence.  There is not evidence that he can present

4      anything to be said to the court that's not evidence and

5      it can't be taken as evidence or construed as evidence.

6      So therefore, not having evidence, I ask that the ju -- I

7      ask that the court enter a judgment for the defendant, or

8      in the alternative, dismiss the case with prejudice.

9   J:   Counsel?

10  M1:  Your Honor, I -- again, I have no additional evidence.

11  J:   OK.

12  M1:  (inaudible) situation.

13  J:   Matter will be dismissed with prejudice.  Madame Clerk, do

14       you have that -- in the other case, there was a form.

15  CLERK:   It was a motion form.

16  J:   Um... You had it in --

17  CLERK:   I -- I don't have it here because this was the

18       appeal.

19  J:   (inaudible).  I'll write it over here.

20  CLERK:   (inaudible) go down and get you one.

21  J:   (inaudible).  We have one -- we have one case left.  This

22       one here.  I'm finishing up this one, right.  This one.

23  _:   OK.

24  J:   OK.  Oh, oh.

Bank of New York v Paul Jones, 3/13/2008                    PAGE 10

Stoughton District Court, Docket #200855SU17

1   _:    Your Honor (inaudible).

2   J:    No.  You're not understanding, Madame Clerk.  In the other

3         file, there was a form, a court form, that says motion and

4         it allows me to write my findings, allowed or denied.

5   CLERK:    OK.  That -- we don't put that in the summary

6         process.

7   J:    There was one in the other summary process that I just

8         had.

9   CLERK:    Oh.  You know, it probably was just by accident.  But

10        I see what you're saying.

11  J:    OK.

12  CLERK:    You don't (inaudible).

13  J:    No, I'll write it on this.  All right, thank you.

14  CLERK:    OK.

15  CULLEN:    Your Honor, may I address the court?

16  J:    Yes.

17  CULLEN:    The issue of -- the issue that's raised and I'll give

18        you the case, you can read it.  There's a question now --

19        at this particular point in time, res judicata applies

20        under the Court of Appeals decision.  And they can't bring

21        forward another complaint unless they can show changed

22        (inaudible).

23  J:    Correct.

1    CULLEN:   OK.  So I just want to make it clear to counsel that

2        the -- the one before, for the record, that *res judicata*

3        could become an issue under the (inaudible) case.  The

4        court (inaudible) indicated, we want this (inaudible).

5    J:   I definitely would like to take a look at the case.

6    CULLEN:   Your Honor, it's the paragraph that is circled from

7        below.

8    J:   Actually, you know what?  What I think I'll do is I think

9        I may write out a finding and have the court type it up

10       and send it out to the parties.  But it will be -- the

11       motion to dis -- the oral motion to dismiss will be

12       allowed with prejudice and I will have a written finding

13       sent out to the court -- to the parties.

14   CULLEN:   Your Honor, there are two cases (inaudible) and we'd

15       like the second case, Your Honor.  I will give it to you.

16       It's a 1913 case with (inaudible) referenced (inaudible).

17   J:   OK.  Fine.  Thank you.

18   CULLEN:   Madame Clerk.  All right.  Matter will be dismissed

19       with prejudice and a written decision will be forthcoming.

20   CULLEN:   Thank you, Your Honor.

21   END OF HEARING

# EXIHBIT 5

Commonwealth of Massachusetts
## SUMMARY PROCESS (EVICTION) SUMMONS AND COMPLAINT

DISTRICT            Department                                    Docket No. 19SU38
                                          ☒ Residential
STOUGHTON       Division                                           (To be added by clerk's office)
                                          ☐ Commercial
NORFOLK            ss                                             Entry Date: April 29, 2019

### NOTICE OF A COURT CASE TO EVICT YOU - PLEASE READ IT CAREFULLY
### ESTA ES UNA NOTIFICACION DE UN CASO EN CORTE PARA DESALOJARLE - FAVOR DE LEER EL MISMO CON CUIDADO

TO DEFENDANT(S)/TENANT(S)/OCCUPANT(S): Paul Jones and all other occupants.

ADDRESS: 572 Park Street,                    CITY/TOWN: Stoughton      ZIP: 02072

You are hereby summonsed to appear at a hearing before a Judge of the Court at the time and place listed below:

DAY: THURSDAY DATE: May 9, 2019    TIME: 10:00AM COURT NAME: STOUGHTON DISTRICT

COURT ADDRESS: 1288 CENTRAL ST, STOUGHTON, MA ROOM: FIRST SESSION COURTROOM

to defend against the complaint of PLAINTIFF/LANDLORD/OWNER: The Bank of New York Mellon, f/k/a
the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7
                                                                                          of
STREET c/o Dolan Connly
50 Redfield St. #202        CITY/TOWN:  Boston, MA  ZIP: 02122

that you occupy the premises at  572 Park Street, Stoughton

being within the judicial district of this court, unlawfully and against the right of said Plaintiff/Landlord/Owner

because: your failure to vacate following expiration of Notice to Vacate and foreclosure sale.

and further, that $ 0* _____ rent is owed according to the following account:

WITNESS:                                      ACCOUNT ANNEXED (itemize)
                                              *Plaintiff reserves the right to seek use
DANIEL W. O'MALLEY                            and occupancy, if applicable.
First or Chief Justice
                                              DOLAN CONNLY P.C.
David A. Marsocci, Esq.  #629429              ATTORNEYS AT LAW
Printed Name of Plaintiff or Attorney         50 REDFIELD STREET, SUITE 202
                                              BOSTON, MA 02122
Signature of Plaintiff or Attorney            Address of Plaintiff or Attorney

April 19, 2019
Date of Signature of Plaintiff or Attorney    Telephone Number of Plaintiff or Attorney
                                              (617) 265-3100 .

NOTICE TO EACH DEFENDANT/TENANT/OCCUPANT: At the hearing on  May 9, 2019
you (or your attorney) must appear in person to present your defense. You (or your attorney) must also file a
written answer to this complaint. An answer is your response stating the reason(s) why you should not be evicted
and may, in residential cases, include any claims you have against the Landlord. (An Answer Form is available
in the clerk's office whose telephone number is  (781) 344-2131  .) You must file (deliver or mail)
the answer with the court clerk and serve (deliver or mail) a copy on the landlord (or landlord's attorney) at the
address shown above. The Answer must be received by the court clerk and received by the landlord (or the
landlord's attorney) no later than Monday,  May 6, 2019  , which is the first Monday after the "entry
date" listed above. The entry date is the day by which your landlord must file this complaint with the court clerk.

Page 1 of 2 Pages

# DOLAN CONNLY

A PROFESSIONAL CORPORATION

James W. Dolan
Gregory A. Connly*
David A. Marsocci**
Barbara D. Connly
Kathleen M. Allen

*Admitted in MA and NY*
*Admitted in MA and NH***

ATTORNEYS AT LAW
50 Redfield Street, Suite 202
Boston, Massachusetts 02122
Telephone: (617) 265-3100
Telecopier: (617) 265-3101
www.dolanconnlylaw.com

Plymouth County Office:
2 Columbia Road, Suite 3
Pembroke, MA 02359
Telephone: (781) 312-7832

## Service By Constable or Deputy Sheriff

March 29, 2019

Paul Jones and all other occupants
572 Park Street
Stoughton, MA 02072

572 Park Street, Stoughton, MA 02072

## 72 HOUR NOTICE TO QUIT AND VACATE PREMISES

Dear Paul Jones:

Please be advised that this office represents The Bank of New York Mellon, f/k/a, the Bank of
New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2004-7 as the new
owner of the property situated at 572 Park Street, Stoughton, MA 02072. You are notified and
requested to vacate the premises within seventy-two (72) hours of your receipt of this Notice.

Please be advised that should this matter proceed and a Court action is necessary, we may ask the
Court to award damages representing the fair market value of the premises from the time of the
foreclosure until the time you are ordered to vacate. This amount is for use and occupancy, not
rent.

The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc.
Asset-Backed Certificates, Series 2004-7 is informed and believes that no occupant of the
Premises is a tenant under applicable state law. If you believe that you are entitled to the
protections afforded tenants or tenancies by applicable state law, you must provide the following
documents:

- A copy of your lease (or, if your lease is oral, proof of rent payments)
- A return phone number and the best time to reach you
- The receipt for the last six (6) payments made to the landlord for the residence (or the
  length of time you have resided in the property, if less than six (6) months).

The documents may be sent by mail, fax, or in person to:
Dolan Connly, P.C., 50 Redfield Street, Suite 202, Boston, MA 02122
Phone is (617) 265-3100 and Fax is (617) 265-3101 or (617) 506-6019.

If, prior to the expiration of this Notice, we do not receive acceptable evidence that you are a

tenant entitled to the protections of applicable state law, we will assume that you are not a tenant and will proceed with the eviction action.

If requested and paid, the new owner is not waiving any rights under this Notice to Quit and Vacate by accepting payments from you subsequent to the date of this notice. All payments accepted subsequent to the date of this notice are accepted for **use and occupancy only and not as rent.** The acceptance of said payments shall not in any way create a new tenancy.

The reason set forth for this Notice to Quit and Vacate is that you continue to hold over in occupancy of the said premises after foreclosure of the mortgage. The undersigned is the new owner of said premises.

If you contend that you are entitled to consideration as an active duty member or dependent of the armed forces of the United States and entitled to protections under the Servicemembers Civil Relief Act ("SCRA"), please provide evidence of the same to counsel immediately for review.

**PLEASE VACATE THE PREMISES WITHIN SEVENTY-TWO (72) HOURS OF YOUR RECEIPT OF THIS LETTER, OR WE SHALL BRING A COURT ACTION TO EVICT YOU FROM THE PREMISES. YOU ARE NOTIFIED TO BRING THIS ORIGINAL NOTICE WITH YOU TO ANY SUBSEQUENT HEARING OR CONTINUANCE.**

The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc. Asset-Backed Certificates, Series 2004-7,
By its attorney,

David A. Marsocci, Esquire

PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED CAN BE USED FOR THAT PURPOSE.

1105-876

# **RETURN OF SERVICE**

Norfolk, S.S.                    Stoughton                    Date: 3-30-19

I hereby certify and return that on March 30, 2019. I served a true and attested copy of the Demand letter to, Paul Jones and all other occupants in the following manner : To wit, Last & Usual. Said service was made at 572 Park St. Stoughton MA. Later that same day I did mail by first class postage a copy of same.

Gavin Castagna,
Disinterested Person
March 30, 2019

Bk 36285 Pg532 #81036
09-11-2018 a 11:24a

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA

CERTIFY

*Miller P O'Donnell*
WILLIAM P. O'DONNELL, REGISTER

MASSACHUSETTS STATE EXCISE TAX
Norfolk Registry of Deeds
Date: 09-11-2018 @ 11:24am
Ct#: 453      Doc#: 81036
Fee: $1,128.68   Cons: $247,500.00

**FORECLOSURE DEED**

The Bank of New York Mellon, f/k/a. the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7, having its usual place of business at c/o Select Portfolio Servicing, Inc., 3217 South Decker Lake Drive, Salt Lake City, Utah 84119, the present holder of a mortgage from Paul Jones to Mortgage Electronic Registration Systems, Inc., as nominee for Optima Mortgage Corporation, its successors and assigns, dated June 22, 2004 and recorded with the Norfolk County Registry of Deeds in Book 22224, Page 219, assigned to Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7 by virtue of an assignment dated January 25, 2008 and recorded in Book 25529, Page 356, assigned to Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7 by virtue of an assignment dated October 21, 2008 and recorded in Book 26162, Page 573 by the power conferred by said mortgage and by every other power, for TWO HUNDRED FORTY-SEVEN THOUSAND FIVE HUNDRED DOLLARS AND 00/100 ($247,500.00) paid, grants to:

The Bank of New York Mellon, f/k/a. the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7, with an address of c/o Select Portfolio Servicing, Inc., 3217 South Decker Lake Drive, Salt Lake City, Utah 84119, the premises conveyed by said mortgage.

WITNESS the execution of said corporation on this 16 day of August, 2018.

<table>
<tr><td>See Limited Power of Attorney recorded herewith</td><td>The Bank of New York Mellon, f/k/a. the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7, by Select Portfolio Servicing, Inc., as attorney-in-fact<br><br>By: _____<br><br>Name: Otto Cottillo<br><br>Title: Document Control Officer<br>Select Portfolio Servicing, Inc.<br><br>Date: 8/16/2018</td></tr>
</table>

STATE OF UTAH          )
COUNTY OF SALT LAKE    )

On this 16 day of Aug., 2018, before me, Malina Frasquez, a notary public, personally appeared Otto Cottillo, personally known, a Document Control Officer of Select Portfolio Servicing, Inc., proved on the basis of satisfactory evidence to be the person whose name is subscribed to this instrument, and acknowledged that he/she executed the same for its stated purpose as the free act and deed of The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7. Witness my hand and official seal.

*Molena Frasquez*
Notary Public

MOLINA FRASQUEZ
Notary Public - State of Utah
My Commission Expires on
January 30, 2019
Comm. Number: 654984

Property Address: 572 Park Street, Stoughton, MA 02072

1T-011115/FORD_DR          1                    MA086.1003

BK 36285 Pg534 #81036

# EXHIBIT "A"

ATTACHED TO AND FORMING A PART OF THE FORECLOSURE DEED
FOR PROPERTY AT 572 PARK STREET, STOUGHTON, MA 02072

572 Park Street, Stoughton -

## LEGAL NOTICE
### MORTGAGEE'S NOTICE OF SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain Mortgage given by Paul Jones to Mortgage Electronic Registration Systems, Inc., as nominee for Optima Mortgage Corporation, its successors and assigns, dated June 22, 2004 and recorded with the Norfolk County Registry of Deeds at Book 22324, Page 219, subsequently assigned to Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7 by Mortgage Electronic Registration Systems, Inc., as nominee for Optima Mortgage Corporation, its successors and assigns by assignment recorded in said Norfolk County Registry of Deeds at Book 25529, Page 374 and subsequently assigned to Bank of New York as Trustee for the Certificate Holders, CWABS, Inc., Asset-Backed Certificates, Series 2004-7 by Mortgage Electronic Registration Systems, Inc., as nominee for Optima Mortgage Corporation by assignment recorded in said Norfolk County Registry of Deeds at Book 36162, Page 573, of which Mortgage the undersigned is the present holder for breach of the conditions of said Mortgage and for the purpose of foreclosing same will be sold at Public Auction at 10:00 AM on April 9, 2018 at 572 Park Street, Stoughton, MA, all and singular the premises described in said Mortgage, to wit:

THE LAND IN STOUGHTON WITH THE BUILDINGS THEREON ON THE NORTHEASTERLY SIDE OF PARK STREET, AND BOUNDED: BEGINNING ON PARK STREET AT A POINT SEVENTY-FIVE (75) FEET NORTHERLY FROM LAND NOW OR LATE OF OLD COLONY RAILROAD COMPANY, NOW OR FORMERLY OCCUPIED BY THE STOUGHTON LUMBER COMPANY; THENCE RUNNING NORTHEASTERLY BY LAND NOW OR FORMERLY OF AUGUST O. LINDELOF AND EMMA J. LINDELOF BY A LINE PARALLEL WITH AND SEVENTY-FIVE (75) FEET DISTANT FROM SAID RAILROAD LAND ONE HUNDRED AND FIFTY (150) FEET TO A CORNER; THENCE RUNNING NORTHERLY BY SAID AUGUST O. LINDELOF AND EMMA J. LINDELOF LAND BY A LINE PARALLEL WITH PARK STREET ONE HUNDRED AND TEN FEET TO A CORNER; THENCE RUNNING SOUTHWESTERLY BY LAND NOW OR FORMERLY OF SAID AUGUST O. LINDELOF AND EMMA J. LINDELOF BY A LINE PARALLEL WITH THE FIRST COURSE ONE HUNDRED AND FIFTY (150) FEET TO PARK STREET; THENCE SOUTHERLY BY PARK STREET ONE HUNDRED AND TEN (110) FEET TO POINT OF BEGINNING.
ALSO:
A CERTAIN PARCEL OF LAND SITUATE IN SAID STOUGHTON, MASS. AND BEING LOT 1 AS SHOWN ON A PLAN ENTITLED "PLAN OF LAND IN STOUGHTON, MASS.", DATED JANUARY 18, 1968, DULY RECORDED, CONTAINING ACCORDING TO SAID PLAN 7,691 SQUARE FEET.
ALSO:
A CERTAIN PARCEL OF LAND SITUATED ON THE NORTHEASTERLY SIDE OF PARK STREET IN SAID STOUGHTON, MASSACHUSETTS AND BEING DESCRIBED AS FOLLOWS: BEGINNING AT A STAKE ON THE SOUTHERLY CORNER OF LAND OF "RUTH H. CURTIS" AND BEING SHOWN ON A PLAN

ENTITLED "PLAN OF LAND IN STOUGHTON, MASS" DATED JANUARY 18, 1968 AND RECORDED WITH NORFOLK DEEDS, BOOK 4500, PAGE 89; THENCE RUNNING BY PARK STREET AS SHOWN ON SAID PLAN, S 40 DEGREES 54 MINUTES 11 SECONDS E, 75 FEET TO A STAKE; THENCE TURNING AND RUNNING N 46 DEGREES 19 MINUTES 29 SECONDS E 220 FEET TO A POINT; THENCE TURNING AT AN APPROXIMATE RIGHT ANGLE AND RUNNING NORTHWESTERLY A DISTANCE OF 75 FEET, MORE OR LESS, TO A POINT AT THE NORTHEASTERLY CORNER OF INSTANCE 75 FEET, MORE OR LESS, TO A POINT AT THE NORTHEASTERLY CORNER OF LOT 1 SHOWN ON SAID PLAN, SAID POINT BEING DESIGNATED ON SAID PLAN AS "C.D. TO BE SET";
THENCE TURNING AND RUNNING BY LOT 1 AND LAND OF "RUTH H. CURTIS" AS SHOWN ON SAID PLAN, S 46 DEGREES 19 MINUTES 29 SECONDS W, 220 FEET TO THE POINT OF BEGINNING.
BEING THE SAME PROPERTY CONVEYED TO PAUL JONES BY DEED FROM EDWARD G. MATTINGLY AND ELAINE A. MATTINGLY RECORDED 06/21/2002 IN DEED BOOK 16766, PAGE 1, IN THE REGISTRY OF DEEDS PLAN FOR NORFOLK COUNTY, MASSACHUSETTS.

Return to:
Orlans PC
P.O. Box 5041
Troy, MI 48007
File Number: 17-011117231/FORD_DR

Bk: 36285 Pg535 #81036

## EXHIBIT "A"

### ATTACHED TO AND FORMING A PART OF THE FORECLOSURE DEED
### FOR PROPERTY AT 572 PARK STREET, STOUGHTON, MA 02072

The premises are to be sold subject to and with the benefit of all easements, restrictions, building, and zoning laws, liens, attorney's fees and costs pursuant to M.G.L. Ch.183A, unpaid taxes, tax titles, water bills, municipal liens and assessments, rights of tenants and parties in possession.

**TERMS OF SALE:**
A deposit of FIVE THOUSAND DOLLARS AND 00 CENTS ($5,000.00) in the form of a certified check, bank treasurer's check or money order will be required to be delivered at or before the time the bid is offered. The successful bidder will be required to execute a Foreclosure Sale Agreement immediately after the close of the bidding. The balance of the purchase price shall be paid within thirty (30) days from the sale date in the form of a certified check, bank treasurer's check or other check satisfactory to Mortgagee's attorney. The Mortgagee reserves the right to bid at the sale, to reject any and all bids, to continue the sale and to amend the terms of the sale by written or oral announcement made before or during the foreclosure sale. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney. The description of the premises contained in said mortgage shall control in the event of an error in this publication. TIME WILL BE OF THE ESSENCE.

Other terms if any, to be announced at the sale.

The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7

Present Holder of said Mortgage,
By Its Attorneys,
ORLANS PC.
PO Box 540540
Waltham, MA 02454-
Phone: (781) 790-7800
17-011113

ALM13665836
Stoughton Journal 3/16, 3/23, 3/30/18

Return to:
Orlans PC
P.O. Box 5041
Troy, MI 48007