UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL JONES,<br>      Plaintiff,<br><br>v.<br><br>DOLAN CONNLY P.C., JAMES W. DOLAN,<br>BARBARA D. CONNLY, KATHLEEN M.<br>ALLEN, DAVID A. MARSOCCI, CINDY SILVA,<br>BANK OF NEW YORK MELLON, GREGORY A.<br>CONNLY, ORLANS P.C., LINDA ORLANS,<br>ALISON ORLANS, JANE DOE, AND JOHN DOE<br>AND SELECT PORTFOLIO SERVICING, INC.,<br>      Defendants. | C.A. NO. 1:19-CV-11076-FDS |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND THE BANK OF NEW YORK MELLON, AS TRUSTEE, TO DISMISS THE AMENDED VERIFIED COMPLAINT**

**I.  INTRODUCTION**

Plaintiff Paul Jones does not contest the 2007 foreclosure sale of his property following default of his mortgage loan dating back to 2005.  Instead, Jones, in generic fashion, contests the re-foreclosure of the mortgage completed on April 9, 2018.  Jones concedes default, and appears to concede that he has no title to the property.  Nonetheless, Jones in his Verified Amended Complaint asserts claims against Defendants The Bank of New York Mellon, as Trustee (the "Trustee"), as the foreclosing mortgagee, and Select Portfolio Servicing, Inc. ("SPS"), as servicer, to wage a cryptic attack grounded in various notices and monthly mortgage loan account statements sent prior to the foreclosure.  Jones does not establish any unlawful conduct by SPS or the Trustee, or any viable challenge to the April 9, 2018 foreclosure to stave off

eviction.[1]  The generic and conclusory allegations in the Verified Amended Complaint fail to state a plausible claim against either the Trustee or SPS as a matter of law.

## II. FACTUAL ALLEGATIONS AND BACKGROUND

According to the Verified Amended Complaint, Jones defaulted in 2005 on his June 22, 2004 loan, which was secured by a mortgage on the property at 572 Park Street, Stoughton, Massachusetts.  The Trustee became the holder of the note and the mortgage by assignment.  The Trustee commenced foreclosure, and completed a foreclosure sale of the property on December 3, 2007.  The 2007 foreclosure was subsequently rescinded.  In 2018, the Trustee, through legal counsel, again commenced foreclosure.  On April 9, 2018, the foreclosure sale of the property was conducted and completed with notice to Jones.  The Trustee purchased the property at foreclosure, and recorded a foreclosure deed.  The Trustee pursued eviction against Jones to reclaim the property.

In 2015, SPS became the successor servicer for the Trustee with respect to the mortgage loan of Jones.  Jones received notice of the transfer of servicing to SPS in July 2015, and thereafter received monthly mortgage account statements from SPS between July 2015 and April 12, 2018.  (Verified Amended Complaint, ¶ 76).  Jones contends that the statements "were confusing, unfair, deceptive, false, baffling, willful and caused significant harm and personal injury to plaintiff."  (Verified Amended Complaint, ¶ 77).

Jones asserts various claims against the Trustee and SPS, to include under the Fair Debt Collection Practices Act, based primarily on the grounds that the Trustee already foreclosed the mortgage in 2007.  Jones further contests the April 9, 2018 foreclosure as void.  He contends that

---

[1] The Trustee filed a summary process case in Stoughton District Court Docket No. 195U38 to reclaim possession of the property after foreclosure.  Jones defended the eviction action in part by filing his complaint in this Court on May 9, 2019.

the notice of default did not strictly comply with paragraph 22 of the mortgage because SPS, as servicer, sent the notice instead of the Trustee. (Verified Amended Complaint, ¶¶ 26, 30). Jones, in addition, asserts that the failure to record an affidavit pursuant to G. L. c. 244, § 35B and § 35C and to provide notice of the change of ownership following foreclosure pursuant to G. L. c. 244, § 15A did not strictly comply with the foreclosure statutes, thereby rendering the 2018 foreclosure void. (Verified Amended Complaint, ¶¶ 27, 28, 32). Jones also claims unfair or deceptive practices in violation of G.L. c. 93A.

On May 9, 2019, Jones filed his Verified Complaint in conjunction with defending the eviction action. (See Summary Process Answer with Excerpts of Draft Complaint, attached at **Exhibit A**). On May 29, 2019, Jones filed his Verified Amended Complaint.

### III. LAW AND ARGUMENT

A.   Standard of Review

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted). Reading the complaint as a whole, a court must conduct a two-step, context-specific inquiry. Garca-Cataln v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the court must distinguish the factual allegations from the conclusory legal allegations. Id. Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. Id. A court also may disregard "bald assertions, unsupportable conclusions, and opprobrious epithets." In re Citigroup, Inc., 535 F.3d 45, 52 (1st Cir. 2008). Second, the court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

Dismissal is required where the pleading fails to include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" García-Catalán, 734 F.3d at 103 (alteration in original) (citation omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." S.E.C. v. Tambone, 597 F.3d 436, 442 (1st Cir.2010).

Because Jones is representing himself, the Verified Amended Complaint is "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Green v. Commonwealth of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985). However, Plaintiff's pro se status "does not insulate [Jones] from complying with procedural and substantive law," Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir.1997), and "dismissal remains appropriate . . . when the complaint fails to even suggest an actionable claim." Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001).

The Verified Amended Complaint violates the "inalienable right [of SPS and the Trustee] to know in advance the nature of the cause of action being asserted against [them]." Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 84 (1st Cir.2008) (quoting from Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir.1995)). See also Peabody v. Griggs, 2009 WL 3200686 (D.R.I. Oct. 6, 2009) ("The complaint is replete with irrelevant, repetitive, and incomprehensible factual averments that saddle Defendants with the unfair task of meeting their

obligation to admit or deny the allegations asserted . . . by an opposing party.  The complaint also forces this Court to parse countless irrelevant and wholly unnecessary factual allegations to attempt to determine what Plaintiffs are alleging against each Defendant.").  The rules apply equally to Jones.  See United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (citation and quotation omitted).

Even affording Jones leniency, the Amended Verified Complaint fails to state any plausible claim for recovery, and dismissal is warranted.

      B.      Jones Fails to State a Claim Under the FDCPA

The FDCPA claims asserted by Jones in Count I are barred by the applicable one-year statute of limitations.  See 15 U.S.C. § 1692k(d); see also Brown v. Bank of America, N.A., 67 F.Supp.3d 508, 518–19 (D.Mass. 2014); Harry v. Countrywide Home Loans Inc., 215 F.Supp.3d 183, 187 (D.Mass. 2016), affirmed 902 F.3d 16, 18 (1st Cir.2018).  Jones first commenced his action on May 9, 2019.  Yet, Jones claims a violation of the FDCPA related to the April 9, 2018 foreclosure.  Jones also disputes the enforcement of the mortgage loan culminating in foreclosure, and cites the mortgage account statements and notices sent by SPS from July 2015 through April 2018 as the basis of the claims.  The Verified Amended Complaint leaves no doubt that all alleged activity on which Jones relies occurred prior to May 9, 2018.  Accordingly, the FDCPA claims first filed on May 9, 2019 were already time-barred.

      C.      Jones Fails to State a Claim to Void the 2018 Foreclosure

The contention in Count II that the Trustee, as opposed to SPS as the servicer, was required to send the notice of default and acceleration to comply with paragraph 22 of the mortgage has been rejected by other courts.  See, e.g., Anderson v. Nationstar Mortgage, LLC, 172 F.Supp.3d 371, 375-376 (D.Mass. 2016) (citations omitted); Valdez v. Federal Nat'l Mortg.

Association, 89 Mass. App. Ct. 1129, n.7, 54 N.E.3d 605 (June 24, 2016) (unpublished opinion) (citing Eaton v. Federal Natl. Mort. Assn., 462 Mass. 569, 571, 969 N.E.2d 1118 (2012) (finding no merit to mortgagor's assertion that the notice of default did not strictly comply because the servicer and not the original lender sent the notice). Similarly, the alleged failure to provide notice to third-parties of the completed foreclosure sale pursuant to G. L. c. 244, § 15A did not render the April 9, 2018 foreclosure sale void. Turra v. Deutsche Bank Trust Co. Americas, 476 Mass. 1020, 1022, 68 N.E.3d 631 (2017) ("Deutsche Bank's failure to comply with § 15A's postforeclosure notice provisions did not render the foreclosure void."); Brown v. CitiMortgage, Inc., No. 16-CV-11484-LTS, 2017 WL 1363305, at * 4 (D.Mass. April 11, 2017).

Jones likewise states no legal basis to void the April 9, 2018 foreclosure for failure to comply with G.L. c. 244, § 35B or § 35C as asserted in Count IV. Neither is part of the exercise of the statutory power of sale. See U.S. Bank National Association v. Schumacher, 467 Mass. 421, 430-431, 5 N.E.3d 882 (2014) (identifying statutes regulating the exercise of the power of sale, which does not include § 35B or § 35C). Thus, any alleged defects do not void the sale.

    D.    Jones Fails to Establish a viable c. 93A Claim

Jones does not specify conduct by the Trustee or SPS that constitutes "unfair or deceptive acts or practices" required to trigger a violation of G.L c. 93A, § 2 as set forth in Count III. See Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 281 (1st Cir.2013) (complaint alleging violation of c. 93A in mortgage foreclosure context must "give notice to defendants regarding the discrete acts [plaintiff] alleges were unfair or deceptive") (citations and interior quotations omitted). A practice is deceptive if it could reasonably be found to have caused a person to act differently from the way he or she otherwise would have acted. Aspinall v. Philip Morris Companies, Inc., 442 Mass. 381, 394, 813 N.E.2d 476 (2004). A practice is unfair if "it is within

the penumbra of some common-law, statutory, or other established concept of unfairness; is immoral, unethical, oppressive, or unscrupulous; and causes substantial injury to other businessmen." Juarez, 708 F.3d at 280 (quoting Kenda Corp. v. Pot O'Gold Money Leagues, 329 F.3d 216, 234 (1st Cir.2003)). A causal connection between allegedly unfair or deceptive conduct and a claimant's loss is also an essential element of recovery. See Hershenow v. Enterprise Rent-A-Car Co. of Boston, Inc., 445 Mass. 790, 791, 840 N.E.2d 526 (2006); Tyler v. Michaels Stores, Inc., 464 Mass. 492, 503, 984 N.E.2d 737 (2013) ("[T]he violation of the legal right that has created the unfair or deceptive act or practice must cause the consumer some kind of separate, identifiable harm arising from the violation itself.").

Jones cannot as a matter of law maintain a c. 93A claim against the Trustee or SPS predicated on either the alleged void 2018 foreclosure, or any contested debt collection practices. As set forth above, these underlying claims fail as a matter of law. Accordingly, any claimed violation of c. 93A grounded in these defective claims likewise fails. See Murphy v. National Grange Mut. Ins. Co., No. CIV. 13-11363-FDS, 2014 WL 5307671, at *6 (D.Mass. Oct. 16, 2014) (where a c. 93A claim is based solely on an underlying claim, summary judgment on the underlying claim is fatal to the c. 93A claim). Also, Jones does not plead that he failed to comply with his legal obligations as a result of any misleading conduct by either SPS or the Trustee. The bare allegation that the Trustee improperly foreclosed on April 9, 2018 fails to state a c. 93A claim. Juarez, 708 F.3d at 281 ("It is not enough in the context of Chapter 93A for [Plaintiff] to allege that defendants foreclosed on her property in violation of Massachusetts foreclosure law. Something more is required for [Plaintiff] to establish that the violation 'has an extortionate quality that gives it the rancid flavor[s] of unfairness [and deceptiveness].'") (citations and internal quotations omitted).

E.  Jones Cannot Sue to Enforce the Debt Collection Regulations

Count V for violation of 940 CMR § 7.00 fails as a matter of law. Jones does not have a private right of action to enforce the regulations. See Jones v. NCO Fin. Servs., No. 13–12101-DJC, 2014 WL 6390633, at *4 (D.Mass. Nov. 14, 2014) (concluding that there is "no indication that a private right of action exists" under 940 C.M.R. § 7.00 and dismissing claim); Brown v. Southwest Credit Systems, L.P., No.: 18-cv-10238-DJC, 2018 WL 6345491, at * 3 (D.Mass. Dec. 5, 2018) (same).

## V.  CONCLUSION

For the foregoing reasons, Defendants The Bank of New York Mellon, as Trustee, and Select Portfolio Servicing, Inc. request this Court to dismiss Plaintiff's Verified Amended Complaint against them in its entirety with prejudice.

Respectfully submitted,

**THE BANK OF NEW YORK MELLON, AS TRUSTEE and SELECT PORTFOLIO SERVICING, INC.,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (BBO # 600069)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com

Date:  July 31, 2019

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and electronic copies sent by email to Paul Jones at pj22765@gmail.com at Plaintiff's request, and paper copies sent by regular mail to those other parties which are non-registered participants.

Date:   July 31, 2019           /s/ Peter F. Carr, II
                                              Peter F. Carr, II

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

STOUGHTON DISTRICT COURT

BAKN OF NEW YORK MELLON

PLAINTIFF

V.   DOCKET NO: 19SU38

PAUL JONES

DEFENDANT

VERIFIED ANSWER TO COMPLAINT

1. I PAUL JONES ADMIT I AM IS OCCUPANT OF 572 PARK STREET, STOUGHTON, MA 02072
2. DENIED THAT BANK OF NEW YORK IS THE OWNER **SEE EXIHBIT 1** FEDERAL LAWSUIT FILED AGAINST PLAINTFF.
3. DENIED THAT I FAILED TO VACATE THE PREMISES AFTER THE FORCLOSURE SALE THAT OCCURRED ON APRIL 9, 2019.
4. ADMIT THAT I OWE $0
5. DENIED THAT THE HOUSE IS VACANT
6. DENIED THAT EXIHBITS ATTCHED ARE AUTHENTIC
7. Lack enough information to respond to Plaintiff's allegations
8. Lack enough information to respond to Plaintiff's allegations
9. Lack enough information to respond to Plaintiff's allegations
10. Lack enough information to respond to Plaintiff's allegations
11. Lack enough information to respond to Plaintiff's allegations
12. Lack enough information to respond to Plaintiff's allegations
13. Lack enough information to respond to Plaintiff's allegations
14. Lack enough information to respond to Plaintiff's allegations
15. Lack enough information to respond to Plaintiff's allegations
16. .admitted in part and denied in part

RECEIVED
STOUGHTON DISTRICT COURT

MAY 0 6 2019

CLERK MAGISTRATE

wherefore :Defendant request that plaintiff April 9, 2018 foreclosure be deem null and void, because the defendant Paul Jones was not the owner of record since on or about Feb 2008.

PAUL JONES

PJ22765@GMAIL.COM

May 6, 2019

COMMONWEALTH OF MASSACHUSETTS

STOUGHTON DISTRICT COURT

BAKN OF NEW YORK MELLON

PLAINTIFF

V.                                                                                          DOCKET NO: 19SU38

PAUL JONES

DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on the 6TH day of MAY, 2019, I served true and accurate copies of the foregoing document on the following persons, DOLAN CONNL P.C either by deposit in the U.S. Mail, addressed as follows and with the correct first-class postage affixed thereto

May 6/2019

_____
PAUL JONES PROSE

# VERIFICATION OF COMPLAINT AND CERTIFICATION

## STATE OF MASSACHUSETTS

### Plaintiff, Paul Jones, states as follows

I am the ~~Plaintiff~~ DEFENDANT in this civil proceeding.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this civil complaint is not interposed for any improper purpose, such as to harass any ~~Defendant~~ Plaintiff(s), cause unnecessary delay to any ~~Defendant~~ Plaintiffs(s), or create a needless increase in the cost of litigation to any ~~Defendant~~ Plaintiffs(s), named in this Complaint. I have filed this ~~complaint~~ answer in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Paul Jones

May 6, 2019

Exhibit
Complaint Filed In Boston
Federal District Court

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES

Plaintiff

Civil Action No.

V.

DOLAN CONNLY P.C
JAMES W. DOLAN
BARBARA D. CONNLY
KATHLEEN M. ALLEN
DAVID A. MARSOCCI
CINDY SILVA
BANK OF NEW YORK MELLON
GREGORY A. CONNLY
ORLANS P.C
LINDA ORLANS
ALISON ORLANS
JANE DOE, and JOHN DOE,
SELECT PORTFOLIO SERVICING INC.

Defendants

RECEIVED
STOUGHTON DISTRICT COURT

MAY 0 6 2019

CLERK MAGISTRATE

## VERIFIED COMPLAINT

### Parties

1. The Plaintiff is a consumer and resident of Stoughton, County of Norfolk, Massachusetts and a citizen of the United States.

2. Defendant Dolan Connly P.C (hereafter Dolan) is Law Firm that regularly collect defaulted debts due to another and has a usual place of business at 50 Redfield Street, Boston, Ma.

3. Defendant James W. Dolan (James) is a partner at Dolan Connly P.C and an attorney that regularly collect defaulted debts owed to another and a resident of Massachusetts.

4. Defendant Gregory A. Connly is a partner at Dolan Connly P.C and an attorney that regularly collect defaulted debts owed to another and a resident of Massachusetts.