# EXIHBIT 1

FILED
IN CLERK'S OFFICE
2017 AUG 29 PM 1: 14
U.S. DISTRICT COURT
DISTRICT OF MASS.

# THE TAPE TRANSCRIPTION CENTER
A Division of THE SKILL BUREAU



FILED
IN CLERKS OFFICE

2014 AUG 29 PM 1:14

U.S. DISTRICT COURT
DISTRICT OF MASS.

## CERTIFICATE

I, Julia Suggs, do hereby certify the following 34 pages to be a true and accurate transcription. Prepared under my direction in the Tape Transcription Center to the best of our abilities, the document comprises a tape provided to us by Mr. Paul Jones. The tape is labeled "Bank of New York v. Paul Jones" and consists of three hearings in the Stoughton District Court in the case of Bank of New York v. Paul Jones on March 13, 2008, July 31, 2008, and August 11, 2008, under docket numbers 2008SU17, 2008SU118, and 2008SU48.

10/17/2008
Date

Julia Suggs
Tape Transcription Center

129 Tremont Street   Boston, MA 02108
**Tel:** 617 423 2151   **Fax:** 617 423 9183
www.ttctranscriptions.com
The fastest turnaround time in New England since 1966.

1   _:      And we have Bank of New York versus Paul Jones.

2   _:      Good morning, Your Honor.

3   J:      Good morning.

4   CULLEN: Good morning, Your Honor.  John F. Cullen for the
5           defendant.

6   J:      I'm sorry.  What's your name again, Counsel.

7   CULLEN: Cullen.  C-U-L-L-E-N, John F.

8   J:      All right.

9   CULLEN: Your Honor, I've spoken with counsel outside and I'm
10          making a motion to dismiss the case on several grounds
11          (inaudible).  My brother was not given by his client my
12          answer or the case law.  This is the second time this case
13          has been here in 90 days.  The first time --

14  J:      Excuse me.

15  CULLEN: -- the case was dismissed by the cou -- by the court.
16          Excuse me.  You all set?

17  J:      Um-hmm.

18  CULLEN: OK.

19  J:      Yes.

20  CULLEN: It was dismissed by the court and the court allowed
21          counsel for the -- for the plaintiff at that point of time
22          to withdraw his appearance to avoid sanctions because of a
23          failure to follow the Rules of Civil Procedure in the
24          following case and not properly recording the -- the

1  foreclosure deed. Now, in this case, we're in it the
2  second time, yet the statute 18 -- Mass General Laws
3  Chapter 181(6), the 14-day notice to quit was never served
4  in this case. Secondly, on February 9th, and as my answer
5  indicates, the plaintiff served on the defendant the
6  complaint for eviction. On the 25th of February, the
7  plaintiff then recorded a foreclosure deed. OK. This is
8  seven months after the foreclosure sale. Now, between the
9  19th and the 25th, the defendant had no opportunity to
10 respond or to ask questions as to why he was being sued
11 because the plaintiff had to file with the court. They
12 didn't file the complaint with the court until March 3rd.
13 Between March 19th and March 3rd, there was no --
14 J:     You mean February 19th?
15 CULLEN: February 19th to March 3rd.
16 J:     19th to March 3rd?
17 CULLEN: Yes.
18 J:     OK.
19 CULLEN: So there's no complaint. So on those grounds, it has
20        to be dismissed as a matter of law under Rule 11 and 12 of
21        Massachusetts Rules of Procedure -- Civil Procedure. They
22        once again failed to comply with the rules. They've been
23        warned the last time by this court, if they failed to
24        follow the rules, common law sanctions would be sanctioned

1           against them for their conduct of not following the rules
2           and not protecting the interest of the defendant and the
3           due process right.
4   J:    Counsel?
5   M1:   If Your Honor please, I'm -- I was not aware of all these
6           facts until counsel (inaudible) paper. I was covering the
7           matter with outside counsel. It is -- it is --
8   J:    And you're not happy that you're doing it right now?
9   M1:   No, not at all, Your Honor. I've represented these --
10          this firm before and this is the first time I've been in a
11          situation like this, in all honest, Your Honor. This
12          appears to rise out of a foreclosure action, as far as I
13          know, as far as you and I can see. And that's based on --
14          I'm not going to object to my brother's dismissal.
15  J:    OK.
16  M1:   Obviously on the basis of what he filed or obviously want
17          the office to have -- get these copies, which they may
18          have, I'm not sure, and have a chance to review it and
19          deal with it at their end.
20  CULLEN: Your Honor, this -- this was marked down for a trial
21          by the court for a particular reason. That it involved a
22          (inaudible) complaint, they would mark it down for trial.
23          But the reason is that there are no witnesses. They're
24          unable to show that in fact they are the holder of a

1    (inaudible) mortgage. This came up the first time and
2    that's why the counsel who was representing the moving
3    party at that time withdrew. They have no evidence
4    whatsoever. Not one scintilla of evidence that, in fact,
5    that they own the mortgage and there was a rightful
6    foreclosure sale. But putting that aside, the is -- the
7    (inaudible) complaint has to be dismissed as a matter of
8    law. The question is whether the court will -- as the
9    court suggested before, impose certain conditions if a
10   second complaint or a third complaint is filed. In other
11   words, case law from the court of appeals going way back
12   to 1919, with reference to the subsequent case...
13 J: So I've never seen one like this where the --
14 CULLEN: Well, it's interesting. I talked with the clerk's
15   office because I was going to call them as a witness if we
16   went to trial, OK. And the clerk's office tells me the
17   consistent policy with this clerk's office is that the
18   moving party types out the complaint, OK, and then comes
19   in, files it on the date that they decided, OK. So that
20   then the ten-day period begins to commence. No one has
21   ever seen a complaint where the defendant in this case has
22   been served prior to filing his complaint.
23 J: Right. And that's what -- that's what's really unusual
24   about it.

1   CULLEN:   Well, I think -- I think, Your Honor, to -- to
2             explain it, there have been a series of missteps by this
3             firm all the way through this case, including the
4             foreclosure.  Now, this is a -- now, this is another one
5             that (inaudible) this plaintiff and they can't proceed
6             because they don't have the mortgage.  They -- they've
7             alleged at the beginning, when the court asked them,
8             "Where's the mortgage?" "I don't know.  We don't have it."
9             Well, you can't proceed with a foreclosure action -- and I
10            -- I told them at the foreclosure sale that they had no
11            right to move.  That's a separate action, a distinct civil
12            procedure action against the New York Bank and the law
13            firm.  The only thing that's before it is the eviction.
14            Now, the question that I raise is the question of whether
15            the court will impose common law sanctions based on the
16            fact that this is -- this is absolutely outrageous conduct
17            to come into a court, file a complaint, and then secondly
18            not explain to the court... It's actually, as you know,
19            there's a mandatory (inaudible) to the court.  This is a
20            false statement to the judicial panel, which is in fact a
21            misdemeanor.  And also with sanctionable -- sanctionable
22            under the bar -- BBO.  In -- unfortunately, my brother is
23            in front of the situate -- what they do is they find some
24            attorney that they call on the phone who knows nothing

1       about the case, the second time, and they say that I'm
2       here only (inaudible).
3   J:  Do you have a written motion, Counsel, for a motion to
4       dismiss?
5   CULLEN:   I -- I don't.
6   J:  Or just the answer here?
7   CULLEN:   I have the answer. I can turn the caption of the --
8       of the answer into a motion to dismiss based on the facts
9       contained in the answer.
10  J:  Well -- no. You ask here in the -- where the defendant
11      pays that the judgment of dismissal be entered.
12  CULLEN:   That's right. I -- I left it in the end. Yeah.
13  J:  Yeah. All right. Matter will be dismissed.
14  CULLEN:   The question is whether the court will consider
15      dismissing with prejudice (inaudible).
16  J.  Well, that's what I want -- I want to read over all the --
17      the paperwork for this. Definitely going to be dismissed.
18      If you give me a moment, I just want to read your answer
19      thoroughly.
20  CULLEN:   Thank you.
21  J:  Give me one moment. You also rely on the 14-day notice
22      from back in December.
23  CULLEN:   Yeah. They can't do it --
24  J:  You can't do that.

1   CULLEN:   (inaudible) can't do it in the other case. The
2             Appeals Court has clearly indicated -- we're -- if there
3             was a second -- if two cases were pending, then there were
4             changed circumstances. The Court of Appeals says under
5             the changed circumstances rule, you still have to commence
6             your 181(6) procedure regardless of what's happened in the
7             past.
8   J:        Um-hmm. The motion will be allowed. Let's see. Madame
9             Clerk, do we have the form for motions as opposed to
10            findings?
11  CLERK:    We have a motion form that the judge (inaudible). I
12            mean --
13  J:        No, the --
14  CLERK:    No.
15  J:        You had -- I had one in the other one. It was -- this is
16            the finding of the court with regard to the trial, which
17            we have not had.
18  CLERK:    Right.
19  J:        But I want --
20  CLERK:    Because of these motions (inaudible).
21  CULLEN:   (inaudible) interesting question that you raise. Is
22            a question -- it was marked down for trial.
23  J:        I know.

1  CULLEN:   And therefore, they -- the plaintiff -- the moving
2            party presented no witnesses, has no evidence at all, so
3            the -- there is two compounding factors. It was whether,
4            in fact, this complaint should be dismissed or judgment
5            should be rendered for the defendant.
6  J:        Oh, that's a very interesting question, because it is
7            marked for trial. I have a findings sheet here. I have a
8            complaint before me. We can call the case for trial. I
9            don't know if counsel -- what counsel wishes to do. But I
10           think we're putting counsel in an awkward position.
11 M1:       If Your Honor pleases, the only documentation that I have
12           other than some copies of the complaint is a copy of the
13           foreclosure deed. And then -- I do not have the recording
14           information on it. (inaudible) ascertainable and the only
15           comment I could make on that is that the title can't rest
16           in limbo. When a foreclosure sale is held, the title does
17           pass at that point in time. With all due respect to my
18           brother, I think there's -- in terms of the (inaudible) of
19           foreclosure, I think it has to be done at that time, not
20           after the fact. But that's the only documentation I have
21           that -- at least to that end of it. I can't speak as to
22           the eviction itself.
23 CULLEN:   Your Honor, that's not a relevant issue with
24           (inaudible). In fact, the legislature's already dealt

1           with that issue and I'm not going to get into it. The
2           question is it was a trial set by the court. He has no
3           evidence. There is not evidence that he can present
4           anything to be said to the court that's not evidence and
5           it can't be taken as evidence or construed as evidence.
6           So therefore, not having evidence, I ask that the m -- I
7           ask that the court enter a judgment for the defendant, or
8           in the alternative, dismiss the case with prejudice.
9    J:     Counsel?
10   M1:    Your Honor, I -- again, I have no additional evidence.
11   J:     OK.
12   M1:    (inaudible) situation.
13   J:     Matter will be dismissed with prejudice. Madame Clerk, do
14          you have that -- in the other case, there was a form.
15   CLERK: It was a motion form.
16   J:     Um... You had it in --
17   CLERK: I -- I don't have it here because this was the
18          appeal.
19   J:     (inaudible). I'll write it over here.
20   CLERK: (inaudible) go down and get you one.
21   J:     (inaudible). We have one -- we have one case left. This
22          one here. I'm finishing up this one, right. This one.
23   _:     OK.
24   J:     OK. Oh, oh.

1  _:      Your Honor (inaudible).

2  J:      No. You're not understanding, Madame Clerk. In the other

3          file, there was a form, a court form, that says motion and

4          it allows me to write my findings, allowed or denied.

5  CLERK:  OK. That -- we don't put that in the summary

6          process.

7  J:      There was one in the other summary process that I just

8          had.

9  CLERK:  Oh. You know, it probably was just by accident. But

10         I see what you're saying.

11 J:      OK.

12 CLERK:  You don't (inaudible).

13 J:      No, I'll write it on this. All right, thank you.

14 CLERK:  OK.

15 CULLEN: Your Honor, may I address the court?

16 J:      Yes.

17 CULLEN: The issue of -- the issue that's raised and I'll give

18         you the case, you can read it. There's a question now --

19         at this particular point in time, *res judicata* applies

20         under the Court of Appeals decision. And they can't bring

21         forward another complaint unless they can show changed

22         (inaudible).

23 J:      Correct.

1  CULLEN:  OK.  So I just want to make it clear to counsel that
2           the -- the one before, for the record, that res judicata
3           could become an issue under the (inaudible) case.  The
4           court (inaudible) indicated, we want this (inaudible).
5  J:       I definitely would like to take a look at the case.
6  CULLEN:  Your Honor, it's the paragraph that is circled from
7           below.
8  J:       Actually, you know what?  What I think I'll do is I think
9           I may write out a finding and have the court type it up
10          and send it out to the parties.  But it will be -- the
11          motion to dis -- the oral motion to dismiss will be
12          allowed with prejudice and I will have a written finding
13          sent out to the court -- to the parties.
14 CULLEN:  Your Honor, there are two cases (inaudible) and we'd
15          like the second case, Your Honor.  I will give it to you.
16          It's a 1913 case with (inaudible) referenced (inaudible).
17 J:       OK.  Fine.  Thank you.
18 CULLEN:  Madame Clerk.  All right.  Matter will be dismissed
19          with prejudice and a written decision will be forthcoming.
20 CULLEN:  Thank you, Your Honor.
21 END OF HEARING