# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Case No. <u>1:19-cv-11076-FDS</u>**

**Paul Jones,**

**Plaintiff**

**v.**

**Dolan Connly P.C., Bank of New York Mellon, Orlans PC, Linda Orlans, Alison Orlans, Select Portfolio Servicing Inc., et. al.,**

**Defendants**

## <u>MOTION TO DISMISS ORLANS PC, LINDA ORLANS AND ALISON ORLANS</u>

NOW COME Orlans PC ("Orlans"), Linda Orlans ("Linda") and Alison Orlans ("Alison"), Defendants in the above-captioned matter, and respectfully requests that this Honorable Court dismiss them from this action, with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6).

In support thereof, Orlans, Linda and Alison state the following:

1. The Plaintiff has failed to state a claim upon which relief can be granted as to them.

2. Orlans, Linda and Alison refer the Court to the supporting Memorandum of Law.

> Respectfully submitted,
> Orlans PC,
> Linda Orlans,
> Alison Orlans
> By their Attorney,
>
>
> /s/ Effie Gikas_____
> Effie L. Gikas, Esq., BBO # 654693
> Orlans PC
> 465 Waverley Oaks Road, Suite 401
> Waltham, Massachusetts 02452
> (781) 790-7835
> egikas@orlans.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Case No. <u>1:19-cv-11076-FDS</u>

**Paul Jones,**

**Plaintiff**

**v.**

**Dolan Connly P.C., Bank of New York Mellon, Orlans PC, Linda Orlans, Alison Orlans, Select Portfolio Servicing Inc., et. al.,**

**Defendants**

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

<u>Introduction</u>

Orlans PC ("Orlans") is foreclosure counsel for the mortgagee, Defendant The Bank of New York Mellon, f/k/a, the Bank of New York, as Trustee for CWABS, Inc., Asset-Backed Certificates, Series 2004-7, and the loan servicer, Defendant Select Portfolio Servicing, Inc., in regard to the subject property, 572 Park Street, Stoughton, Massachusetts 02072 ("the Property"). Linda is a former employee of Orlans, and Alison is a current employee of Orlans, neither of which should be personally named in this action. Moreover, as foreclosure counsel, Orlans acts on the instructions of its clients, both of which are already named as parties to this action.

<u>Legal Argument</u>

Plaintiff's Complaint does not state a claim upon which relief can be granted as to Orlans. The United States Supreme Court has issued a decision in a case that specifically discusses the standard for dismissal. In <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), the Court seemingly modified the time-honored standard for dismissal set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), replacing that decision's "no set of facts" language for a "plausibility" standard

with respect to notice pleading in complaints. In other words, according to the Supreme Court in

Bell Atlantic, a court should not dismiss a complaint if there are "enough facts to state a claim to

relief that is plausible on its face." 127 S. Ct. at 1974, or if the plaintiff has demonstrated a

"reasonably founded hope that the [discovery] process will reveal relevant evidence' to support

his or her claims" *Id*. at 1967.

First, the bulk of the claims raised in this action are claims against the mortgagee and/or

loan servicer. Orlans cannot be held liable for claims brought against its client. "Generally

speaking an attorney is 'immune from liability to third persons arising from the performance of

his professional activities as an attorney on behalf of and with the knowledge of his client.'" Sain

v. HSBC Mortgage Services, 2009 U.S. Dist. Ct. LEXIS 77336.

Second, the Plaintiff in this action was the mortgagor on the subject loan. Neither Orlans,

Linda nor Alison owe him no fiduciary duty. See Balerna v. Gilberti, 281 F.R.D. 63, 65 n.4

(D.Mass. 2012). "Massachusetts law makes it plain as a pikestaff that an attorney does not owe a

fiduciary duty to a person who she does not represent." Darlene Manson, et al. v. GMAC Mortgage

LLC, et al., 2012 U.S. Dist. LEXIS 59492, at 28 (D. Mass. Apr. 30, 2012), citing Logotheti v.

Gordon, 414 Mass. 308, 312 (1993); Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515,

522 (1989); Page v. Frazier, 388 Mass. 55, 61-68 (1983). See also MacMillan v. Scheffy, 147 N.H.

362, 365 (2001) ("[W]e decline to impose on an attorney a duty of care to a non-client whose

interests are adverse to those of the client."). To find an attorney liable for the actions of his/her

client is not only unfair but it impedes effective representation of the client.

Third, in regard to the FDCPA claims raised against Orlans, Linda and Alison, the Supreme

Court, in a March 2019 unanimous decision, Obduskey v. McCarthy & Holthus LLP, concluded

that conducting a non-judicial foreclosure does not make a law firm a "debt collector" for the

general purposes of the Fair Debt Collection Practices Act (FDCPA), and thus the law firm cannot

be held liable under the statute. Despite Plaintiff's assertions to the contrary in his Complaint, the

Supreme Court found that those enforcing a security interest (i.e. a foreclosure law firm) are

exempt from the "debt collection" definition of the FDCPA. Any correspondence that Orlans

mailed to the Plaintiff was part of the foreclosure process, actions taken as strictly legally necessary

parts of the foreclosure, and such actions are protected by the Court's opinion.

## Conclusion

For all of the reasons set forth above, Plaintiff's Complaint fails to state a claim for which

relief can be granted as to Orlans, Linda and Alison. As such, they must be dismissed from this

action pursuant to Fed.R.Civ.P. 12(b)(6).


Respectfully submitted,
Orlans PC,
Linda Orlans,
Alison Orlans
By their Attorney,


/s/ Effie Gikas_____
Effie L. Gikas, Esq., BBO # 654693
Orlans PC
465 Waverley Oaks Road, Suite 401
Waltham, Massachusetts 02452
(781) 790-7835
egikas@orlans.com

## CERTIFICATE OF SERVICE

I, hereby certify that on this date the foregoing document(s) filed through the ECF system

will be sent electronically to the registered participants as identified on the Notice of Electronic

Filing (NEF) and paper copies will be sent to those parties which are non-registered participants.

/s/ Effie Gikas
Effie L. Gikas

Dated: December 5, 2019