# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| PAUL JONES, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | 19-11076-FDS |
| | ) | |
| v. | ) | |
| | ) | |
| DOLAN CONNLY, P.C.; JAMES W. DOLAN; BARBARA D. CONNLY; KATHLEEN M. ALLEN; DAVID A. MARSOCCI; BANK OF NEW YORK MELLON; GREGORY A. CONNLY; ORLANS, P.C.; LINDA ORLANS; ALISON ORLANS; JANE DOE; JOHN DOE; and SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS UNDER 12(b)(6) AND FOR FAILURE TO STATE A CLAIM

**SAYLOR, J.**

This action arises out of a mortgage foreclosure. Plaintiff Paul Jones, proceeding *pro se*, has brought this action against defendants Dolan Connly, P.C.; Orlans, P.C.; Bank of New York Mellon; Select Portfolio Servicing, Inc.; and various attorneys and employees of those firms, alleging unfair and deceptive debt collection practices. The amended complaint asserts five claims, alleging violations of (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; (2) Mass. Gen. Laws ch. 244, § 15A; (3) Mass. Gen. Laws ch. 93A; (4) Mass. Gen. Laws ch. 244, §§ 35B and 35C; and (5) Massachusetts debt-collection regulations, 940 CMR 7.00.

Defendants have filed three separate motions to dismiss the complaint for failure to state a claim upon which relief can be granted. Jones has filed an opposition to only one of the three

motions.

For the reasons set out below, the motions will be granted as to Count 1, which is the only federal claim. The Court will decline to exercise supplemental jurisdiction over the remaining state law claims, and the case will therefore be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

## I. Background

Unless otherwise noted, the following facts are drawn from the amended complaint and accompanying exhibits.

### A. Parties

Paul Jones is a resident of Stoughton, Massachusetts. He was the homeowner and mortgagor in the underlying foreclosure and eviction matters.

Dolan Connly, P.C. is a law firm, organized as a professional corporation, located in Boston, Massachusetts. James Dolan, Barbara Connly, Kathleen Allen, David Marsocci, and Gregory Connly are attorneys at Dolan Connly.

Bank of New York Mellon ("BNY") is a Delaware corporation with a principal place of business in New York. It was the trustee and foreclosing mortgagee of the mortgage at issue.

Select Portfolio Servicing, Inc. ("SPS") is a Utah corporation with a principal place of business in Utah. It was the servicer of the mortgage.

Orlans P.C. is a law firm, organized as a professional corporation, located in Troy, Michigan. Linda Orlans and Alison Orlans are residents of Michigan and attorneys at Orlans P.C.

### B. Factual Background

In 2004, Paul Jones executed a mortgage on property at 572 Park Street in Stoughton,

Massachusetts. (Amend. Compl. ¶ 62). In 2005, Jones defaulted on the loan. (*Id*. ¶ 63). It appears that he occupied the property and did not make payments on the loan for the next thirteen years.

At some point, the loan was reassigned to BNY. (*Id*.). BNY completed a foreclosure sale of the property in 2007, but apparently the foreclosure was subsequently rescinded. (*Id*. Ex. 6).

In July 2015, Jones received notice that SPS had become the servicer of his mortgage on behalf of BNY. (*Id*. ¶ 75). Over the next several years, he received approximately 33 mortgage statements. (*Id*. ¶ 76). In December 2017, Jones received a mortgage statement from SPS stating that his account had been accelerated and all outstanding amounts were due at that time. (*Id*. ¶ 84). He claims that this acceleration was contrary to his mortgage agreement. (*Id.*).

Beginning in March 2018, Jones received several notices for a new foreclosure sale. (*Id*. ¶ 125). The new foreclosure was handled by attorneys at Orlans, P.C. (*Id.*). On April 9, 2018, BNY foreclosed on the property. (*Id*. ¶ 136).

Eviction proceedings then began against Jones. (*Id*. ¶ 150). The auction and eviction process included the mailing of several notices to him, including a notice to quit and a notice of the eviction proceedings. (*Id.* ¶ 151; Ex. 16 p. 2-7).

Jones filed the complaint in this action on May 9, 2019, and an amended complaint on May 29, 2019.

## II. <u>Legal Standard</u>

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.

1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to sho[w] that [plaintiff is] entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (alterations in original) (quoting *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008)) (internal quotation marks omitted). In making that assessment, the court may consider documents attached to the complaint as well as the complaint itself. *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.,* 524 F.3d 315, 321 (1st Cir. 2008). Although uncommon, a plaintiff "may plead [herself] out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Matter of Wade*, 969 F.2d 241, 249 (7th Cir. 1992); *see Barricello v. Wells Fargo Bank, N.A.*, 2016 WL 1244993, at *10 (D. Mass. Mar. 22, 2016) ("When a document attached to a complaint contradicts an allegation in the complaint, the document trumps the allegation.").

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, while *pro se* complaints are accorded an "extra degree of solicitude", *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir. 1991), they still must

"set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1998).

### III. Analysis

The Dolan Connly defendants, BNY and SPS, and the Orlans defendants have separately moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Because the only federal claim is time-barred, and because the Court will decline to exercise supplemental jurisdiction over the remaining claims, it will not address all of the issues raised by defendants.

#### A. Claim under FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To effectuate that goal, Congress included a provision for civil liability to provide recourse for those harmed by violations of the statute. 15 U.S.C. § 1692k(a). A litigant can bring such an action "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Rotkiske v. Klemm*, -- S. Ct. --, 2019 WL 6703563 (Dec. 10, 2019) (holding that the FDCPA statute of limitations, absent application of any equitable doctrine, starts running on date of the violation, not discovery).

Plaintiff filed this suit on May 9, 2019. Accordingly, any FDCPA claim must be based on violations that occurred no earlier than May 9, 2018. But even the most generous reading of the complaint forecloses that possibility. Although the details are less than clear, the complaint and associated exhibits chronicle a long and troubled mortgage relationship tracing back to at least 2005. (Amend. Compl. ¶¶ 64-69). For reasons not made clear, the foreclosure in 2007 did not end the matter—the foreclosure was rescinded, the mortgage remained outstanding, and

plaintiff retained occupancy of the property. In 2015, plaintiff was informed that SPS was now his mortgage servicer. SPS sent letters from 2015 until April 2018 advising him as to the amounts he owed under his mortgage. (*Id.* ¶ 76). A new foreclosure took place on April 9, 2018. (*Id.* ¶ 90).

Again, any claim under the FDCPA arising out of any action occurring prior to May 9, 2018, is time-barred.[1] Nonetheless, plaintiff contends that numerous "discrete" violations of the FDCPA have occurred since May 9, 2018. (Opp. p. 6-7). However, a detailed reading of the complaint, his opposition to the motion to dismiss, and nearly 200 pages of exhibits reveals only two potentially relevant events that occurred during that period: the eviction proceedings against him and a single post-foreclosure letter that he received from Orlans.[2]

First, plaintiff argues that the eviction proceedings—which were not commenced until after the foreclosure occurred—involved FDCPA violations. "A private plaintiff seeking to hold a person liable under [the FDCPA] must establish that: (1) the defendant is a 'debt collector;' (2) who took an action 'in connection with the collection of a[ ] debt;' and (3) the action violated the substantive proscriptions in those provisions." *Lipscomb v. The Raddatz Law Firm, P.L.L.C.*, 109 F. Supp. 3d 251, 257-8 (D.D.C. 2015) (citing *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). The allegations of the complaint fail to satisfy at least the first two of those elements.

First, the complaint identifies no relevant "debt collector" within the meaning of the

---

[1] According to documents attached to the complaint, plaintiff was actually aware of his potential FDCPA claim before May 9, 2018. On April 10, 2018, he sent a letter to Orlans P.C. (copying BNY, SPS, the Massachusetts Attorney General's Office, and the CFPB) stating that they had "violated the Fair Debt Collection Practices Act." (*Id.* Ex. 12 p. 2-4). On April 26, 2018, he sent a similar notice to Dolan Connly P.C., again alleging FDCPA violations. (*Id.* Ex. 15 p. 2-5).

[2] The amended complaint also points to a letter that highlighted plaintiff's potential rights under the Service Members Civil Relief Act. (Amend. Compl. ¶ 129). The complaint alleges that the letter was send on August 31, 2018, but the associated exhibit shows that the letter was actually sent on August 31, 2017. (*Id.* Ex. 11).

statute. In *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1033 (2019), the Supreme Court held that a law firm hired solely to carry out a non-judicial foreclosure was not acting as a "debt collector" under the FDCPA. Here, plaintiff identified only the Dolan Connly defendants as possible FDCPA violators in the eviction proceeding. But if foreclosure counsel is not a "debt collector" under the FDCPA, certainly post-foreclosure eviction counsel is not. At a minimum, the act of eviction is even further removed from the collection of a debt than the act of foreclosure. Accordingly, there is no valid claim under the FDCPA arising out of the eviction proceedings, because there was no "debt collector" to which the act applied.

Furthermore, the eviction proceeding was not done in connection with an act of "debt collection." "In assessing whether [eviction] filings were submitted in connection with debt collection, the Court must determine (1) if there were 'debts' and (2) if the eviction complaints were filed in order to collect on those debts." *Lipscomb v. The Raddatz Law Firm, P.L.L.C.*, 109 F. Supp. 3d 251, 257-8 (D.D.C. 2015) (citing *Hughey v. United States*, 495 U.S. 411, 415 (1990)). In *Lipscomb*, the court found that the eviction proceedings were initiated in connection with the collection of a debt because they also "sought a money judgment for amounts allegedly owed." *Id.*; *see also Romea v. Heiberger & Associates*, 163 F.3d 111, 116 (2d Cir. 1998) (finding eviction notice to fall under FDCPA because defendant's "aim in sending the letter was at least in part to induce Romea to pay the back rent she allegedly owed"); *O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 33 (D. Mass. 2014) (noting that "courts' decisions regarding the applicability of the FDCPA to eviction actions [are] fact-sensitive" but that the "existing cases" suggest that "an eviction action can implicate the FDCPA, particularly where the eviction action includes some demand for payment tied to the property at issue"). That situation is not present here. Neither the complaint nor the exhibits contain any evidence suggesting that

7

plaintiff's eviction involved any demand for payment. That fact is unremarkable, because the eviction occurred *after* the foreclosure: Massachusetts, as with most states permitting non-judicial foreclosure, only allows a post-foreclosure deficiency debt if the mortgagee files a separate action for one. Mass. Gen. Laws ch. 244 § 17. There is no allegation of the filing of a deficiency action here. In short, because the eviction proceeding at issue lacked an associated effort to obtain payment, it was not undertaken in connection with a debt collection.

The post-foreclosure letter from Orlans likewise does not constitute a debt-collection attempt. In *Brown v. Bank of America, Nat., Ass'n*, 67 F. Supp. 3d 508, 518-19 (D. Mass. 2014), a *pro se* plaintiff asserted FDCPA claims against the parties that foreclosed on his property. The court found that the FDCPA claims were time-barred because no debt-collecting activity had occurred within the limitations period. *Id.* In so holding, the court noted that defendant had "sent a mortgage discharge notice [within the limitations period]. But [plaintiff did] not explain how this notice constituted a violation of the FDCPA. To the contrary, [the notice] seem[ed] more like a release of debt than a collection." *Id.*

The post-foreclosure letter here presents a similar circumstance. Jones received a single foreclosure-related letter sent by Orlans on September 19, 2018, setting forth his total debt and the auction sale price of the subject property. (Compl. Ex. 8, p. 4-5).[3] The letter informed him that there were no surplus funds from the foreclosure sale to which he is entitled. (*Id.*). As in *Brown*, that letter cannot reasonably be construed as an effort to collect a debt.[4]

Accordingly, because all of the debt-collecting activities occurred outside of the one-year

---

[3] The letter is also included in Exhibit 11.

[4] The Orlans letter also suffers from the deficiency of not being sent by a "debt collector." Counsel "who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the [FDCPA]." *Obduskey*, 139 S. Ct. at 1039.

limitations period, the FDCPA claim is untimely and will be dismissed against all defendants.

### B. Supplemental Jurisdiction

In light of the dismissal of Count 1, the Court will decline to exercise supplemental jurisdiction over the remaining claims. A district court's original jurisdiction extends, among other things, to claims that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If an action includes both federal-law claims and state-law claims, then the district court may exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367. However, where a complaint fails to state a viable claim under federal law and jurisdiction over the remaining claims is based solely on supplemental jurisdiction, a "district court has discretion to decline to exercise supplemental jurisdiction." *Uphoff Figueroa v. Alejandro*, 597 F.3d 423, 431 n.10 (1st Cir. 2010); 28 U.S.C. § 1367(c). In so doing, the court "must take into account considerations of judicial economy, convenience, fairness to the litigants, and comity." *Delgado v. Pawtucket Police Dep't*, 668 F.3d 42, 48 (1st Cir. 2012); *see Wilber v. Curtis*, 872 F.3d 15, 23 (1st Cir. 2017) (noting that "it can be an abuse of discretion—if no federal claim remains—for a district court to retain jurisdiction over a pendent state law claim when that state law claim presents a substantial question of state law that is better addressed by the state courts").

Here, the only federal claim has been dismissed. All that remains are four state-law claims. Apart from the complaint and motions to dismiss, no substantial litigation has occurred. Under the circumstances, the Court will to decline to exercise supplemental jurisdiction over the remaining state law-claims.

### IV. Conclusion

For the foregoing reasons, defendants' motions to dismiss are GRANTED as to Count 1.

The Court declines to exercise supplemental jurisdiction over the remaining claims, which are accordingly DISMISSED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 16, 2019